## Perkins et al. *v.* Philadelphia et al.

*Statutes—Delegation of municipal function to commission—Local and special legislation—Amendment, etc., of act by reference to title—Act of May 24, 1893—Constitutional law.*

The act of May 24, 1893, is entitled " An act to abolish commissioners of public buildings and to place all public buildings heretofore under the control of such commissioners under the control of the Department of Public Works in cities of the first class." After the act was passed the commissioners of the public buildings of the city of Philadelphia filed a bill in equity in the Supreme Court to restrain the city from taking control of the public buildings. The bill averred that the act violated, (1) section 20, article 3 of the constitution forbidding the delegation of any municipal function to any special commission; (2) section 6, article 3 of the constitution forbidding the revival or amendment of an act by reference to its title only; and (3) section 8, article 3 of the constitution forbidding any local or special bill to be passed without thirty days' notice thereof in the locality affected. *Held,* that the preliminary injunction should be granted.

Argued June 7, 1893.   Bill in equity by Samuel C. Perkins, William Brice, Mahlon H. Dickinson, Isaac S. Cassin, Thomas E. Gaskill, John L. Hill, Richard Peltz, William S. Stokley, Hiram Miller and William H. Wright, constituting a majority of the Commissioners for the Erection of the Public Buildings, and all of the members thereof excepting the Mayor of Philadelphia and the Presidents of the Select and of the Common Councils, against The City of Philadelphia and James H. Windrim, Director of the Department of Public Works of said city. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

The bill averred:

" 1. That by an act of assembly, approved the fifth day of August, one thousand eight hundred and seventy, of which the relators annex hereto a copy and which they crave leave to refer to, Theodore Cuyler, John Rice, Samuel C. Perkins, John Price Wetherill, Lewis C. Cassidy, Henry M. Phillips, William L. Stokes, William Devine, the mayor of the city of Philadelphia, and the presidents of select and common councils, for the time being, were constituted commissioners for the erection of

the public buildings required to accommodate the courts, and for all municipal purposes in the city of Philadelphia, and they were therein required to procure plans for the said buildings; to do all acts necessary in their judgment to carry out the intent of said act of assembly in relation to the said public buildings; to fill any vacancies which might happen by death, resignation, or otherwise, and if, in the judgment of said commission, they should deem it advisable to increase their number, they might, by a vote of a majority of their whole number, increase said commission, from time to time, to any number not exceeding thirteen.

" 2. That said commissioners so appointed by said act of assembly did, August 27, 1870, elect William S. Stokley in place of William L. Stokes, unknown, and Henry W. Gray in place of William Devine, who had deceased; and afterwards deeming it advisable to increase their number to thirteen, by vote of a majority elected Samuel W. Cattell and Wm. Brice, in order to increase their number to thirteen.    That, from time to time, vacancies in their number were caused by death and resignation, and others were duly elected to fill such vacancies, until the commission is now composed of the ten members named in the first paragraph and the three ex-officio members.

" 3. That the said commissioners and their successors, as aforesaid, entered upon the duties of their office after their appointment, and proceeded to make contracts for the construction of public buildings required to accommodate the courts, and for all municipal purposes in the city of Philadelphia, and to do all other acts necessary in their judgment to carry out the intent of the said act of assembly in relation to said public buildings, and there has been already constructed a large portion of the said buildings, which are, however, at present unfinished.

" 4. And your orators further aver that your complainants are progressing with the work committed to them by said act, and have been delayed and are now hindered in the execution of their duties thereunder by the failure of the councils of said city to raise the amount sufficient for the performance of their duties, although requisitions have been made therefor, from year to year, in accordance with the act of 1870, as aforesaid.

" 5. And your orators further aver that the requisition last

made was primarily for the purpose of fitting up the rooms required for the accommodation of the county courts of Philadelphia, and the necessary approaches and conveniences accessory thereto, in the trial of civil issues; and although said rooms have been selected with the approval of the judges of the county, and have been assigned for said purpose by your complainants, yet, by reason of the total failure to make any appropriation therefor, in accordance with said last-mentioned requisition, the entire work with regard to the same is now stopped.

"6. And your orators further aver that they believe, and so charge, that the said defendant, the city of Philadelphia, declines to provide funds for the performance of the work committed to your orators, by reason of the pendency in the general assembly of an act afterwards approved the 24th day of May, 1893, entitled 'An act to abolish commissioners of public buildings, and to place all public buildings heretofore under the control of such commissioners under the control of the Department of Public Works, in cities of the first class.' And your orators are advised and charge that said act is wholly invalid and in violation of the constitution of this commonwealth; and in support thereof your complainants specifically assert, that it is provided by the constitution of this commonwealth, in section 20, article 3, that 'the general assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes, or perform any municipal function whatever;' and that, notwithstanding said prohibition, this act, in the first section thereof, proposes to commit the direction, control and administration of the erection, completion, construction, repair, removal and protection of all public buildings therein referred to, to the Department of Public Works, the same being under the charge of one individual, and said act, neither by enactment or reference, referring to the proper supervision and municipal control which, under the constitution, should be given to the municipal corporation of which he is an executive officer, nor placing exclusively the municipal improvement or municipal function in the city of Philadelphia.

"7. And your orators further specify that by the 6th section

of article 3 of the constitution of this commonwealth it is provided: 'No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted, and published at length.' And your orators charge that, notwithstanding said prohibition, said act, in its first section, proposes to transfer the erection, completion, construction, repair, removal and protection of all public buildings heretofore under the control of commissioners created by any special act of assemby for the erection and construction of public buildings required to accommodate the courts and for municipal purposes in cities of the first class, without specifying the act by recital providing for such erection, such completion, such construction, such repair and such removal, and without, by enactment, determining the transferred duty imposed upon the Department of Public Works in the granting of direction, control and administration thereto. And your orators are advised that said act, by reason of such transgression, is wholly invalid.

"8. And your orators further specify that it is provided by the 8th section of article 3 of the constitution that 'no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published, in the locality where the matter or thing to be affected may be situated, which notice shall be at least thirty days prior to the introduction into the general assembly of such bill, and in the manner to be provided by law; the evidence of such notice having been published, shall be exhibited in the general assembly before such act shall be passed;' and that the general assembly, in furtherance of said constitutional mandate, did enact, by an act entitled 'An act regulating the publication of application for local or special legislation,' approved February 12, 1874, P. L. 43, that 'no local or special bill, either to repeal or enact a law, shall be passed by the legislature, unless notice of the intention to apply therefor shall be published in the locality where the matter or thing to be affected may be situated, which notice shall state specifically the title and objects of the bill, and shall be published by not less than four insertions in at least two daily or weekly newspapers, one of which may be in a language other than English, once a week for four consecutive weeks, printed

in the county, or in each of the several counties where such matter or thing to be affected may be situated;' as, by reference to said act more specifically will be made manifest. And your orators are advised that the effect of the passage of said act in accordance with the mandate of the constitution is, until the same shall be changed by a general statute otherwise providing, to make the method of procedure for the repeal or the enactment of a law which is local dependent entirely upon a notice given in accordance with the said act at least thirty days immediately preceding the introduction of such bill into the general assembly ; and that the said act of May 24, 1893, transgresses said prohibition in that, although the same is entirely local in text and reference, and although it proposes to repeal the act, which is local in character (if it be held to apply to the act under which your commissioners were created), yet no advertisement or publication whatever was made before the meeting of the general assembly at which the same was introduced, nor was any advertisement whatever made before the same was introduced.

" Wherefore your orators charge that, by reason of the invalidity of the said act, by reason of its attempt to delegate to one person a municipal function, and by reason of its attempt to transfer the duties now vested in your complainants to one person, and by reason of the failure to give notice of the introduction thereof as aforesaid, no valid legislation has taken place to disturb the complainants in the performance of their duty particularly imposed upon them by the act of 1870 as aforesaid ; but they fear that the defendant the city of Philadelphia, and especially the defendant James H. Windrim as director of the department of public works, will seek to take possession of the buildings now in the legal custody of your complainant, and to interfere with their completion and their further construction, and will introduce such confusion into the administration of their duties relative thereto that no adequate relief can be secured by any process known to the law ; and they therefore ask relief from this court, sitting as a court of equity, and, among other things, pray :

" (*a*) That it be decreed that the defendants, and each of them, may fully answer the premises.

" (*b*) That it be decreed that the defendants, and each of

them, and the officers, agents and servants of either and of both of them, may be specially enjoined until final hearing, and perpetually thereafter, from interfering with your complainants in the construction and completion of the buildings for which, by the act of 1870, they were created; and that, until your complainants become defunct by the full completion of all the duties imposed upon them, they may be adequately protected from time to time by your Honors.

" (*c*) Such other and further relief in the premises as the nature and circumstances of their case may require, and to your Honors shall seem meet."

The act of May 24, 1893, is as follows:

" An act entitled An act to abolish commissioners of public buildings and to place all public buildings heretofore under the control of such commissioners under the control of the department of public works, in cities of the first class.

" Section 1. That commissioners created by any special act of assembly for the erection and construction of public buildings required to accommodate the courts and for municipal purposes in cities of the first class in this commonwealth are hereby abolished, and the erection, completion, construction, repair, removal and protection of all public buildings heretofore under the control of such commissioners in said cities shall be under the direction, control and administration of the department of public works.

" Section 2. An act entitled ' An act to provide for the erection of all the public buildings required to accommodate the courts and for all municipal purposes in the city of Philadelphia, and to require the appropriation by said city of Penn square at Broad and Market streets to the Academy of Fine Arts, the Academy of Natural Sciences, the Franklin Institute and the Philadelphia Library, in the event of the said square not being selected by a vote of the people as the site for the public buildings for said city,' approved the fifth day of August, one thousand eight hundred and seventy, and so much of section one, article four, of an act entitled ' An act to provide for the better government of cities of the first class in this commonwealth,' approved the first day of June, one thousand eight hundred and eighty-five, and reads as follows, ' That nothing in this section contained shall be construed to repeal or conflict with any spe-

cial acts of assembly providing for the erection and construction of public buildings,' and all laws and parts of laws inconsistent herewith shall be and the same hereby are repealed : *Provided*, that nothing in this section contained shall be construed to repeal or conflict with an act entitled ' An act appropriating ground for public purposes in the city of Philadelphia,' approved the twenty-sixth day of March, one thousand eight hundred and sixty-seven."

*David W. Sellers, Rufus E. Shapley* and *John G. Johnson*, for plaintiffs.—The act of Aug. 5, 1870, was not displaced by the present constitution, and the contracts made by the commission are binding on the city : Struthers v. City, 12 Phila. 268 ; Perkins v. Slack, 86 Pa. 270.

Any act is local and special, even though, under the pretended power of permissible classification, it purports to deal with cities of a particular class, if it is intended to apply to but one particular city or locality, and if it cannot possibly have any application to any other city or locality which may subsequently come within the class designated; and it is clearly unconstitutional, if it regulates or attempts to regulate the affairs of the particular city or locality, to which alone it was intended to be, and to which alone it can ever be, applicable: Com. v. Patton, 88 Pa. 258; Scowden's Ap., 96 Pa. 422; Morrison v. Bachert, 112 Pa. 328 ; Davis v. Clark, 106 Pa. 377 ; McCarthy v. Com., 110 Pa. 246 ; Scranton v. Silkman, 113 Pa. 191; Scranton School District's Ap., 113 Pa. 176 ; Reading v. Savage, 124 Pa. 335 ; Ayars's Ap., 122 Pa. 276.

It follows from the cases cited that the act of 1893 is both local, in that it refers to a particular city, and can never refer to a class of cities, and special in that it refers to one building within that city. That the act is one attempting to regulate the affairs of a city is too plain for argument. These words have been construed in a number of cases : Montgomery v. Com., 91 Pa. 133 ; Weinman v. Pass. Ry., 118 Pa. 203 ; Frost v. Cherry, 122 Pa. 426; Ruan St., 132 Pa. 273; Reeves v. Phila. Trac. Co., 152 Pa. 153; Scowden's Ap., 96 Pa. 425; Morrison v. Bachert, 112 Pa. 330; Scranton Sch. District's Ap., 113 Pa. 190.

Even if this act should be considered nothing more than a

repeal of the act of 1870, it is inoperative in that it transgresses section 8 of article 3 of the constitution.

It also transgresses section 20 of article 3: Smedley v. Erwin, 51 Pa. 445; Phila. v. Fox, 64 Pa. 180; Phila. v. Field, 58 Pa. 327; Com. v. Commissioners, 81* Pa. 137.

*Charles F. Warwick*, city solicitor, *Mayer Sulzberger* and *Furman Sheppard*, for defendants.—Section 20, article 3, of the constitution, was intended to give to municipal corporations the control of their own improvements, money, property, or effects, and to confine to them alone the levying of taxes and the performance of all municipal functions.

The first sentence of the first section of this act, if it stood alone, would have repealed by implication all acts concerning the public buildings commissions by reason of the positive and absolute repugnancy between it and them: Wright v. Vickers, 81 Pa. 122; Johnston's Est., 33 Pa. 511; Martz's Election, 110 Pa. 592; Phila. v. Kates, 150 Pa. 30.

Section 6, article 3, of the constitution was intended to prevent the revival or amendment of a law or the extension or conferring of its provisions by a reference to its title only: Donohugh v. Roberts, 11 W. N. 186; Phila. v. Kates, 150 Pa. 30. The act of May 24, 1893, is not a local or special bill within the meaning of sections 7 and 8, article 3 of the constitution: Ruan Street, 132 Pa. 273; Trust Co. v. Fricke, 152 Pa. 231; Weinman v. Ry., 118 Pa. 192; Ayars's Ap., 122 Pa. 281; Reeves v. Ry., 152 Pa. 153; act of May 8, 1876, P. L. 141; Com. v. Sellers, 130 Pa. 32; Mott v. P. R. R., 30 Pa. 9; Kellogg v. Oshkosh, 14 Wis. 623; Brightman v. Kirner, 22 Wis. 54; Wall v. State, 23 Ind. 150; Constitution of Georgia, 1877, § 3, paragraph 16; Georgia Code, 193 (*a*); Speer v. Mayor, 85 Ga. 49; Butler v. State, 89 Ga. 821; People v. Devlin, 33 N. Y. 269; Attorney General v. Rice, 64 Mich. 385; Schuyler Co. v. People, 25 Ill. 181; Happel v. Brethauer, 70 Ill. 166; Gatlin v. Tarboro, 78 N. C. 119; Harrison v. Gordy, 57 Ala. 49; Clarke & Daviney v. Jack, 60 Ala. 271; Walker v. Griffith, 60 Ala. 361; McKemie v. Gorman, 68 Ala. 442; Constitution of North Carolina, 1868, art. 2, § 12; Brodnax v. Groom, 64 N. C. 244; Constitution of Arkansas, 1874, art. 5, § 26; Davis v. Gaines, 48 Ark. 370; Currie v. Southern Pac.

R. R., 21 Oregon, 566; State v. Young, 32 N. J. L. 29; Williams v. Taylor, 83 Texas, 667; Field v. Clark, 143 U. S. 649; United States v. Ballin, 144 U. S. 1.

PER CURIAM, July 19, 1893:

And now, July 19, 1893, this cause having come on to be heard on the motion for special injunction made and filed in the middle district June 1, 1893, was argued by counsel, upon consideration thereof it is now ordered and decreed that the special injunction as specified in said motion (prout same) be forthwith issued.

McCOLLUM, MITCHELL and THOMPSON, JJ., dissent.