## Commonwealth v. Simpson

*John H. Maurer*, district attorney, and *Raymond V. John*, assistant district attorney, for Commonwealth.

*Lemuel B. Schofield, W. Bradley Ward* and *John B. Brumbelow*, for defendant.

CRUMLISH, J., July 31, 1950.—The above matter is before us on motion to quash indictments.

On October 1, 1948, 40' bills, nos. 1398 to 1437, inclusive, September sessions, 1948, were found against defendant. The charges grow out of conduct of defendant, who, as an employe of the Receiver of Taxes of the City of Philadelphia, was required to attend various sports exhibitions where the public was charged admission and to collect from the producers or promoters the amusement tax due the city. Defendant is charged with failing to account to the receiver of taxes for various sums which he collected and received on the dates specified in the indictments. It is also charged that defendant failed to comply with a demand for these sums made upon him by the receiver of taxes.

Bill no. 1398 contains 19 counts and charges defendant as an employe of the City of Philadelphia with having received and possessed himself of the property of the city with intent to defraud and with having unlawfully omitted to make and having failed to cause and direct to be made in the accounts of the City of Philadelphia a full and true entry of the payments of this money, at the times and in the amounts specified

in the counts. Defendant has withdrawn his motion to quash this bill.

In bills nos. 1399 to 1417, inclusive, defendant is charged in the first count with having committed the crime of larceny; in the second count, he is charged with having committed larceny by clerk, servant and employe of the City of Philadelphia at the times and in the amounts set forth in the bills.

In bills nos. 1418 to 1436, inclusive, each containing two counts, defendant is charged, in the first count, with embezzlement by employe of a corporation, the City of Philadelphia; in the second count, the charge is embezzlement by employe of a political subdivision of the Commonwealth of Pennsylvania.

Defendant is charged in the first count of bill no. 1437 as an employe of the City of Philadelphia who was charged with the collection, safekeeping, and transfer of taxes, with fraudulent conversion; in the second count of bill no. 1437, the charge is the conversion of the same moneys belonging to the City of Philadelphia.

*Indictments Nos. 1399 to 1417, Inclusive*

Each of the 19 indictments contains two counts, dealing with the same transaction; the first count is drawn under section 807 of The Penal Code of June 24, 1939, P. L. 872, and charges larceny; the second count, drawn under section 815 of The Penal Code, charges larceny by clerk, servant and employe of the City of Philadelphia. The offenses charged are alleged to have been committed between October 23, 1942, and April 2, 1943. No extensive discussion is required to support the conclusion that these bills were barred on April 2, 1945, by the general statute of limitations, the Act of March 31, 1860, P. L. 427, sec. 77, as amended by the Act of April 6, 1939, P. L. 17, sec. 1, 19 PS §211. Accordingly, the motion to quash bills 1399 to 1417, inclusive, is sustained.

*Indictments Nos. 1418 to 1436, Inclusive*

*Statute of Limitations.*—Each bill contains two counts. The first count charges embezzlement by defendant as an employe of the City of Philadelphia, a municipal corporation, under section 827 of The Penal Code. The second count, drawn under section 822 of The Penal Code, involves the same transaction as the first count and charges embezzlement by defendant as an employe of a political subdivision of the Commonwealth, namely, the City of Philadelphia. It is charged that the offenses were committed on various dates during the period October 23, 1942, to April 2, 1943.

First to be decided in disposing of defendant's motion to quash is whether these indictments are also barred by the statute of limitations.

It is the Commonwealth's contention that the six-year statute of limitations applicable to these bills is the Act of May 16, 1945, P. L. 582, sec. 1, 19 PS §213, amending the Act of June 12, 1878, P. L. 196, sec. 6. This conclusion is reached by beginning with the observation that sections 822, 823 and 827 of The Penal Code of 1939 parallel sections 65 and 116, respectively, of the Code of 1860, to which the four-year limitation of section 6 of the original Act of June 12, 1878, supra, applied.

The Commonwealth reaches the conclusion that the Act of March 31, 1860, as amended, supra (providing that the limitation for embezzlement by a city employe of public moneys shall be within two years from the time the employe left his position, with a ceiling of six years from the commission of the offense) is not applicable to the bills under consideration. This conclusion appears unsound upon a reading of the 1939 amendment to the 1860 Act, which specifically applies to "indictments . . . for embezzlement of public moneys or property . . . by any . . . employee . . . of any

city." Furthermore, from 1939 to 1945 the offenses here charged were felonies. The Act of 1878 applied its four-year limitation provision to misdemeanors committed by public officers. In 1945 the 1878 limitation was increased to six years and then made applicable to felonies. The Commonwealth's theory that once the amendatory Act of 1945 included the term "felonies" in its context, it became applicable to certain offenses of the 1939 code to which it had not applied for the previous six years is untenable. In effect, the argument is that the nature and legislative history of the offense rather than the name which the code applies to it determines the limitation provision to choose. Aside from being unable to accept the foregoing theory, we find that the 1945 Act, applying to felonies and misdemeanors committed by municipal employes in relation to their official duties, is broader in scope than the 1939 Act, which applies specifically to embezzlement of public moneys by a city employe.

Defendant's position is that bills 1418-1436 are barred by the two-year limitation of the 1939 amendment to the Act of 1860, supra. In so arguing, distinguished counsel for defendant do not overlook the proviso contained in the act:

". . . And provided also, that indictments for . . . embezzlement of public moneys or property . . . committed by any . . . employe . . . of any city . . . may be brought or exhibited at any time within two years from the time when . . . said employe shall have ceased to occupy such . . . employment, but in no event more than six years from the commission of the offense . . .".

Defendant's argument is this: "There is no averment in the bills to the effect that defendant continued in his employment for any length of time after" April 2, 1943. "For all that appears in the indictments, he

may have left his employment immediately after the time when it is alleged that the offenses were committed."

Defendant's claim, then, that the offenses charged are barred by the general limitation of two years is based on the fact that there is no averment in the indictment of facts relied upon to bring defendant within the exception to the act quoted above. Is such failure fatal?

Although, admittedly, there is no reported decision in point, counsel argue, by way of analogy, from Commonwealth v. Werner, 5 Pa. Superior Ct. 249 (1897) ; Commonwealth v. De Maria, 110 Pa. Superior Ct. 292, 294 (1933), and Commonwealth v. Streets, 113 Pa. Superior Ct. 65, 69 (1934). In Commonwealth v. Werner, supra, the bill was quashed because, on its face, it showed that it was found more than two years after the commission of the offense charged, yet it failed to allege facts bringing it within the exception applicable, i.e., that defendant had not been an inhabitant or usual resident of the State at any time before he was indicted. In Commonwelth v. De Maria, supra, the indictment charging defendant with embezzlement was quashed because the grand jury did not find a true bill until more than two years after the commission of the alleged offense. It was held that the failure of a timely convention of the grand jury because of the financial condition of the county was no excuse for the showing on the indictment that the residence of defendant was within the county where the alleged offense had been committed at all times between the alleged commission and the finding of the indictment. In Commonwealth v. Streets, supra, the indictment charged that defendant committed an offense at a time more than two years prior to the finding of the bill. Defendant, not having moved to quash the indictment, pleaded not guilty and not guilty under the statute of limitations. The trial

court, on motion of the Commonwealth, permitted the indictment to be amended so as to change the date of the commission of the crime to be within six years of the finding in the bill. The Commonwealth's evidence established the offense was committed on the date set forth in the amended indictment. The trial court's action in allowing the amendment was upheld on appeal.

Defendant's counsel points also to Sadler on Criminal Procedure in Pennsylvania, vol. I, sec. 399.

We are disposed, however, to answer negatively the question which defendant's contention raises. In Blackman v. Commonwealth, 124 Pa. 578 (1889), the indictment, found September 10, 1886, charged the offense as having been committed on July 1, 1885; actually, the offense was committed in 1881. Upon the trial the Commonwealth offered to prove that defendant had been a fugitive since 1881 for the purpose of showing that he was not entitled to claim the protection of the statute of limitations. Objection was made for the reason that the proof offered to show that the case came within the exception to the statute of limitations could only apply where the true time was given in the indictment and the facts set forth therein brought it within the exception. Chief Justice Paxson held, at page 581:

"It is clear that the evidence would have been sufficient to bring the defendant within the exception of the statute of limitations, had the bill been found in 1881, with an averment of the facts above stated. As a general rule in criminal pleading the offense may be proved on any day prior to the one named in the indictment. In a case where the statute may be interposed, and the commonwealth alleges the defendant comes within the exception to the statute, the better practice is to aver in the indictment the facts relied upon to toll the statute. We do not regard this as essential, however, and we should be exceedingly loath to reverse for

such a technical reason after trial and conviction upon the merits. The true rule is thus stated by Mr. Wharton in his work upon Criminal Law, at page 446: 'Although the offense, on the face of the indictment, is outside the statute, yet the prosecution may prove, without averring it in the indictment, that the defendant having fled the state, was within the exception of the statute.' "

In Commonwealth v. Bishop, 71 Pa. Superior Court 255 (1919), where the indictment failed to aver that the offense was committed within the period of the statute of limitations, Trexler, J., held, at page 258, quoting from Blackman v. Commonwealth, supra:

"In Com. v. Werner, 5 Pa. Superior Ct. 249, this court held the contrary but, an examination of that case shows that the case hinged upon the question whether an agreement to support his bastard child operated as an estoppel so as to prevent the defendant pleading the statute in bar.

"It may be said that the statement in Blackman v. Com., supra, is also dictum and is not controlling for in that case the date fixed was within the period of two years. We prefer nevertheless, to accept the law as declared in that case as it is in accord with the weight of the authorities. Further, technical defenses are not favored when a trial has been had on the merits."

In Commonwealth ex rel. Patterson v. Ashe, 154 Pa. Superior Ct. 397 (1944), Keller, P. J., held at page 398:

"It is well settled that it is not *essential* to aver in an indictment, found more than two years after the perpetration of such an offense, the facts relied upon to bring the case within the terms of the proviso to section 77 aforesaid: Blackman v. Com., 124 Pa. 578, 17 A. 194; it is sufficient if the Commonwealth offers on the trial evidence of facts from which, in the absence of evidence on the part of the defendant as to his residence, the jury may fairly infer that he was not an inhabitant

or usual resident of this state during the period in question: *Com. v. Bates et al.*, 1 Pa. Superior Ct. 223, 232, 233 (Rice, P. J.) ; *Com. v. Weber*, 67 Pa. Superior Ct. 497, 504, 505."

See also: Commonwealth v. Horanic, 28 Erie 64 (1944), opinion by Evans, J.

In Commonwealth v. Bartilson et al., 85 Pa. 482 (1877), it was held at pages 488-489:

"We do not deny the power of the court to quash an indictment for matters not appearing upon its face. This is sometimes done for defects in the process for drawing and summoning the grand jury, or irregularities connected with the jury wheel, and where an indictment is found pending a writ of habeas corpus. It is a power, however, that should be exercised with caution, especially where it is done for defect of proof. This may, and sometimes is supplied at the last moment."

Even though no trial has been had in the instant case, and the motion to quash was timely, to strike down the bills because they fail to follow the "better practice" of averring the date when defendant was separated from his position might result in a miscarriage of justice. Rather, reasoning from the last above considered authorities, we shall give the Commonwealth an opportunity to amend the bill to insert the facts relied upon to bring defendant within the exception to the general two-year statute of limitations. If the prosecution is not able to do so, a motion to quash would then be in order. Accordingly, defendant's motion to quash bills no. 1418-1436, inclusive, because of the nonappearance of facts which bring defendant within the exception to the two-year general statute of limitations period, is dismissed without prejudice, and leave is granted to the Commonwealth to amend the bills so they set forth the date when defendant "ceased to occupy such employment".

*Indictments Nos. 1418-1436, Inclusive, and No. 1437*

*Applicable Sections of Penal Code.*—Defendant has another objection to bills nos. 1418-1436, inclusive. He insists that they should be quashed because brought under general provisions of The Penal Code instead of under the section which he considers specifically covering the offenses.

The first count in bills nos. 1418-1436, inclusive, charges defendant with embezzlement as an employe of the City of Philadelphia, a municipal corporation, and is drawn under section 827 of The Penal Code of 1939 (18 PS §4827).

The second count of these bills charges defendant as an employe of the City of Philadelphia, a political subdivision of the Commonwealth, with embezzlement of the same funds, being public moneys. This count is drawn under section 822 of The Penal Code (18 PS §4822).

Defendant treats bill no 1437 separately and complains that the first count is also drawn under section 822 of the code. There is no basis for this objection. The count alleges that defendant ". . . being an employee of a political subdivision of the Commonwealth of Pennsylvania, to wit . . . The City of Philadelphia, and as such employe . . . being charged under the law . . . with the collection, safe keeping and transfer of certain public moneys, to wit, taxes, commonly known as and called amusement taxes, and as such employee . . . having collected the sum of one thousand four hundred and ninety-three dollars and seven cents . . . and a demand therefor having been duly made upon him, . . . unlawfully did . . . fail to pay over said moneys or any part thereof at said time and place required by law . . ." Section 823 of the code provides:

"Whoever, being charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth,

or any political subdivision thereof . . . converts or appropriates the moneys so collected, . . . or fails to pay over the same or any part thereof at the time or place required by law . . . is guilty of embezzlement . . ."

In the first count of bill 1437 defendant is named as an employe charged with the collection of taxes. Section 823 of the code, quoted above, refers specifically to the embezzlement of taxes; section 822 refers generally to the embezzlement of public moneys. Plainly the first count of bill 1437 is drawn to conform with section 823 of the code. Defendant's argument that since in bill no. 1437 defendant is designated as one charged with the collection of taxes, the count should be drawn under section 823 is circular reasoning. The very fact that defendant *is* named as one charged with the collection of taxes puts this count under section 823. The count charges the offense "substantially in the language of" section 823, and the indictment should be sustained "as good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon": Commonwealth v. Wooden, 94 Pa. Superior Ct. 452, 454, 455 (1928).

Defendant correctly notes that the second count of bill no. 1437 is drawn under section 834 of the code, the general fraudulent conversion statute. In this count defendant is charged with the fraudulent conversion of the same money referred to in the first count, to wit, $1,493.07, belonging to the City of Philadelphia.

Although our conclusion that defendant in bills 1418 to 1437, inclusive, is indicted under sections 822, 823, 827, and 834 of the code removes defendant's objection to the fact that section 823 was completely overlooked, nevertheless there still remains the question whether

section 823 should have been used exclusively. Defendant's counsel argue that since on the face of the indictments under consideration defendant is charged with embezzlement of *taxes*, all the indictments should have been drawn under section 823, referring only to embezzlement by tax collectors. Defendant relies mainly upon Commonwealth v. Brown, 346 Pa. 192 (1943), where it was said, at page 199:

"It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available."

It is further contended:

"Whenever a general provision of a law shall be in conflict with a special provision of the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and be construed as an exception to the general provision . . .": Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 63, 46 PS §563.

We feel, however, that Commonwealth v. Brown, supra, does not control the situation before us. In that case the offense was the circulation of nomination papers of the Communist Party wherein allegedly false affidavits had been made. Prosecution was under section 322 of The Penal Code of 1939, the general perjury statute, providing that:

"Whoever wilfully and corruptly makes false oral or written statements . . . before any judge, magistrate or mayor . . . or whoever in taking any oath or affirmation required by any act of assembly of this Commonwealth, or in relation to any statement or duty enjoined by law, is guilty of perjury, a felony . . ."

Defendant's act in the circulation of the false affidavits could not be classified easily under any of the

named offenses. However, section 1813 of the Election Code of 1937, P. L. 1333, provided that anyone "knowingly (making) a false statement in any affidavit required by the provisions of this act to be appended to or to accompany a nomination petition or a nomination paper . . . shall be guilty of a misdemeanor." Clearly, defendant's conduct was punishable under the latter act, part of a separate code, which provided its own special punishment for violation. Thus, in Commonwealth v. Brown, the distinction was between two different offenses, one a felony, under the general code, and the other a misdemeanor, under a special code. In this case, however, the distinction sought to be drawn is among different sections of a series of sections all dealing generally with the offense of embezzlement.

Commonwealth v. MacDonald, 74 Pa. Superior Ct. 357 (1920), parallels the present case. In that case defendant was tried on two bills for one act of fraudulent conversion. In one bill he was indicted under section 114 of the Act of 1860 for fraudulent conversion as the agent of a corporation. In the second bill he was indicted on two counts, the first the same as the first bill and the second drawn under the Act of May 18, 1917, P. L. 241, which is the predecessor of section 834 of The Penal Code of 1939 here considered. A single sentence was imposed after a general verdict of guilty on both counts. In upholding the lower court's action is was said, at page 360:

"It is not necessary in this case to determine whether the evidence was such as to constitute MacDonald technically the agent of the corporation, within the meaning of the Act of 1860. The evidence certainly was such as to warrant the conviction of the defendant, upon the second count of the indictment . . . of the offense defined by the Act of May 18, 1917. It was not necessary under that count to prove that the defendant

was technically the agent of the corporation. It was sufficient to show that he had received the money . . . for the corporation, and that he fraudulently withheld and applied the same to and for his own use and benefit."

Commonwealth v. Wooden, supra, was another case where defendant was indicted under the predecessor of section 834 (the Act of May 18, 1917, P. L. 241). The lower court quashed the indictment on the theory that section 116 of the Act of 1860, as amended by the Act of 1878, should have been followed. This latter was the special act covering fraudulent conversion by an officer of a corporation. The trial court's action was reversed, and, at page 456, it was said:

"The fact that one is chargeable under the Act of 1878 (special provision) does not prevent his being charged under the Act of 1917 (corresponding to Section 834 of the 1939 Code). It is common practice to indict for the same act of conversion under both statutes."

In Commonwealth v. Miele, 115 Pa. Superior Ct. 269 (1934), a conviction was upheld where defendant was indicted for embezzlement as an officer of a corporation under the Act of June 12, 1878, P. L. 196; with embezzlement as secretary of the funds of a building and loan association, under the Act of April 16, 1929, P. L. 524, and with fraudulent conversion under the Act of May 18, 1917, P. L. 241 (predecessor to section 834). On appeal it was contended that the Acts of 1878, 1917, and 1929 were not all the same offense and hence one guilty of one offense would not necessarily be guilty under all the statutes. It was there held, at page 272:

"As an academic statement, appellant's contention is correct, but as applied to the facts in the present case, the defendant if guilty could be convicted under all the indictments. He was an officer of the corpora-

tion under the Act of 1878; an officer of a building and loan association under the Act of 1929; and a person as designated under the Act of 1917. It is immaterial in what capacity the defendant was charged, the gravamen of the offense was the unlawful conversion."

So, here, the gravamen of the offense was the withholding for his own benefit of tax moneys by defendant. The various sections of the code under which he has been indicted designate defendant's different capacities as the committer of the alleged offenses.

In passing, it is well to observe that section 823 of The Penal Code of 1939 and its predecessor, the Act of June 3, 1885, P. L. 72, sec. 1, 18 PS §2573, have consistently been applied to collectors who are officials, elected or appointed, "duly qualified" as "public officers" having a "term of office" where their "official capacity" is to collect taxes: Commonwealth v. Barge, 11 Pa. Superior Ct. 164 (1899); Commonwealth v. Mahon, 12 Pa. Superior Ct. 616 (1900); Commonwealth v. McCullough, 19 Pa. Superior Ct. 412 (1902); Commonwealth v. Sitler, 67 Pa. Superior Ct. 1 (1917); Commonwealth v. Hackney, 117 Pa. Superior Ct. 519 (1935); Witherow v. Weaver et ux., 138 Pa. Superior Ct. 172 (1939). It is not clear from the averments in the bills here considered that defendant is such a public official.

Finally, "Criminal pleading is no longer the technical thing it once was and courts look more to substantial justice than to artificial nicety: *Com. v. Romesburg, 91 Pa. Superior Ct. 559; Com. v. Norris, 87 Pa. Superior Ct. 61; Com. v. Keenan and Clark, 67 Pa. 203.*": Commonwealth v. Wooden, supra.

Accordingly, defendant's further motion to quash bills 1418-1436, inclusive, and his motion to quash bill 1437 are dismissed.