Commonwealth, Appellant, *v.* Shafer.
Commonwealth, Appellant, *v.* Slosar.
Commonwealth, Appellant, *v.* Cecchini.

614

Argued April 23, 1964. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

Albert D. Stewart and John J. Gain, Assistant Attorneys General, with them Louis Abromson, Assistant District Attorney, and Walter E. Alessandroni, Attorney General, for Commonwealth, appellant.

Vincent M. Casey, and William Moldovan, with them Margiotti and Casey, for appellees.

Opinion by Mr. Justice Jones, July 1, 1964:

The Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Taxes (Commonwealth), instituted separate criminal prosecutions against Marcus Shafer, Frank E. Slosar and Helen M. Cecchini charging each of them with a violation of §823 of The Penal Code of 1939 (Act of June 24, 1939, P. L. 872, 18 P.S. §4823) and each person was indicted. The indictments were quashed.[1] On appeal,

---

[1] Shafer, president of a corporation, was indicted for non-payment to the Commonwealth of sales tax monies allegedly collected by the corporation and not remitted to the Commonwealth; the Court of Quarter Sessions of Allegheny County quashed that indictment. Slosar, a partner in a co-partnership, was indicted on a similar charge; the Court of Quarter Sessions of Allegheny

the orders quashing the indictments were affirmed by the Superior Court. We granted allocaturs.

Upon these appeals, three issues are presented: (1) whether §823 of The Penal Code applies to vendors who have collected sales taxes from purchasers of tangible personal property pursuant to the provisions of the Selective Sales and Use Tax Act[2] (Sales Tax Act)? (2) whether prosecution, under §823 of The Penal Code, of a vendor, who has collected sales tax monies and converted or appropriated said monies to his own use is precluded by §573 of the Sales Tax Act (72 P.S. §3403-573)? (3) in the Shafer appeal, is the president of a business corporation, licensed to collect sales tax monies, subject to prosecution under §823 of The Penal Code?

The Superior Court determined only the first issue presented and, in view of its disposition of that issue, considered determination of the other two issues unnecessary. On the first issue, the Superior Court construed §823 of The Penal Code as restricted and confined in its application to public officials, i.e., elected or appointed tax collectors, and not applicable to private citizens, i.e., vendors who collect the Commonwealth sales tax from the purchasers at retail sales of tangible personal property or the use thereof.

Section 823 of The Penal Code provides: ". . . Whoever, being charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth, or any political subdivision thereof, converts or appropriates the moneys so collected, or any part thereof, to his own use in any way whatever, or uses by

---

County quashed that indictment. Cecchini, an individual proprietor of a business, was indicted on a similar charge; the Court of Oyer and Terminer of Fayette County quashed that indictment.

[2] Act of March 6, 1956, P. L. (1955) 1228, as amended, 72 P.S. §3403-1 et seq.

way of investment in any kind of property or merchandise any portion of the money so collected by him as taxes, and proves a defaulter or fails to pay over the same or any part thereof at the time or place required by law, and to the person legally authorized to demand and receive the same, or aids or abets or is an accessory to such act, is guilty of embezzlement, a felony, and upon conviction thereof, shall be sentenced to undergo imprisonment not exceeding five (5) years, or to pay a fine not exceeding five thousand dollars ($5,000), or both." Section 201 of the Sales Tax Act (72 P.S. §3403-201) provides, inter alia, that the sales tax "shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as [provided in the Act]."

Is the vendor who collects and converts or appropriates a sales tax to his own use guilty of embezzlement under §823, supra? Although the term "tax collector" appears *only* in the heading prefixed to §823, under the Superior Court's ruling, since vendors charged with the collection, and the payment over, of the sales tax are not public officials in the accepted sense, such vendors are not, by virtue of the Sales Tax Act, "elevated to the status of a tax collector within the purview of Section 823 of The Penal Code."

Section 823, by its terms, encompasses *"whoever, being charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth"*. (Emphasis supplied) Section 201(a) of the Sales Tax Act (1) imposes a 5% per cent tax on each separate retail sale of personalty or the use thereof and (2) provides that the vendor shall collect the tax from the purchaser of the personalty or the use thereof and pay the tax over to the Commonwealth; §546(b) of the Sales Tax Act reemphasizes the manner of collection of the tax by providing that "every person maintaining a place of business" and "selling or leasing

tangible personal property or services" shall *collect* the tax and *remit* the tax to the Commonwealth; §535 of that statute designates the "taxes collected" as a "trust fund for the Commonwealth." It is clear beyond question that vendors, under the Sales Tax Act, are "charged with the collection, safekeeping or transfer" of the sales tax.

The conclusion of the Superior Court was based on several grounds: (a) the source of §823 of The Penal Code was the Act of June 3, 1885, P. L. 72 and that statute was consistently held applicable only to elected or appointed tax collectors;[3] (b) the language of §823; (c) the absence of any definition of "tax collector" in the Sales Tax Act; (d) the heading of §823; (e) the legislative mandate that penal statutes be strictly construed: Statutory Construction Act of 1937, §58, 46 P.S. §558. Each ground will be examined.

No doubt the source of §823 was the 1885 statute, supra, but that statute, titled "An Act to punish defaulting tax collectors", is much less extensive in its scope than §823. The 1885 statute encompassed "any *person* charged with the collection, safekeeping or transfer of any state, county, township, school, city, borough, or municipal taxes, under any law or laws of this commonwealth" (Emphasis supplied) but contained no definition of the word "person". On the other hand, the legislature in The Penal Code has seen fit to define the word "person" or "whoever" as inclusive of an individual, copartnership, association and corporation[4] (§103, 18 P.S. §4103). Nowhere in the language of §823 is there any indication that the legislature intended that the word "whoever" be defined,

---

[3] For example, see: *Commonwealth v. Simpson*, 74 Pa. D. & C. 313.

[4] The words shall be so construed "except where a different intent is *plainly* declared in the provision to be construed or is *plainly* apparent from the context thereof". (Emphasis supplied).

other than in §103 and the words "Persons" and "whoever" are used interchangeably under the definition in §103. By incorporating the definition of "whoever" from §103 into §823, §823 clearly applies to any "individual, copartnership, association and corporation" who is "charged with the collection, safekeeping or transfer of taxes". So construed, the word "whoever" includes not only individuals (as in the 1885 statute) who *could* be elected or appointed tax collectors but also copartnerships, associations and corporations who *could not* be elected or appointed tax collectors.[5] The wording of §823, much broader in scope than the language of the 1885 statute, clearly includes all persons—individuals, partnerships, associations and corporations—who are charged with the collection of any taxes and is not limited to those public officials popularly known as tax collectors. Moreover, the title of the 1885 statute definitely limits the scope of the statute: *Perkins v. Philadelphia*, 156 Pa. 539, 554, 558, 27 A. 356; *Wilkes-Barre v. Pa. P.U.C.*, 164 Pa. Superior Ct. 210, 215, 63 A. 2d 452. Considering its title and its language, the 1885 statute clearly applied only to tax collectors in a public or governmental sense. Such statute, however, does not control the interpretation of §823 nor require that §823 be construed in the same manner as the 1885 statute.

The language of §823, particularly when the word "whoever" is defined as in §103, is comprehensive and broad in scope and embraces all who collect any taxes. Moreover, the absence in the Sales Tax Act of a definition of a "tax collector" does not affect the construction in this manner of §823. The Sales Tax Act, as

---

5 *State ex rel. Foster v. Miller*, 136 Ohio St. 295, 25 N.E. 2d 686, relied on by appellees, is clearly inapposite; therein, a vendor, who complies with the Ohio Sales Tax Act, could not possibly have state funds in his possession, but rather the state holds the funds of the vendor which he advanced to it by way of purchase of prepaid tax receipts (25 N.E. 2d at p. 691).

indicated supra, places upon the vendors at retail sales of tangible personal property and the use thereof the duty of collection and remission of the sales tax and no definition of "tax collector" can either diminish or increase the obligation imposed upon such vendors.

While the legislature has mandated that penal statutes be strictly construed, such mandate does not require that the plain, clear language of a statute be ignored nor that we be unmindful of the necessity of construing statutes, aimed at the protection of public monies, "broadly enough to serve the public purpose of protecting the public interest.": *Commonwealth v. Burns,* 198 Pa. Superior Ct. 208, 182 A. 2d 232. The construction we give §823 fulfills the legislative intent and supports the legislative aim of protection of any tax monies from embezzlement by those entrusted with their care.

It is true that the heading prefixed to §823 contains the phrase "Embezzlement by tax collectors". However, such heading in no sense controls the construction of that section: Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §54; *Wiley v. Umbel,* 355 Pa. 206, 49 A. 2d 371; *Commonwealth v. Evans,* 156 Pa. Superior Ct. 321, 40 A. 2d 137.

Section 823, when read in conjunction with §822, clearly indicates the legislative intent. Section 822, entitled "Embezzlement by public officers" provides: "Whoever, *being an officer, employe or agent of this Commonwealth, or political subdivision thereof,*[6] charged with the collection, safekeeping, transfer or disbursement of public money,[7] converts[8] to his own

---

[6] Emphasis supplied.

[7] It will be noted that under §822 the person subject thereto must be one charged with the collection, safekeeping, transfer (as in §823) *or* disbursement (not in §823) of public money ("taxes" in §823).

[8] As in §823.

use . . . any portion of the public money intrusted to him . . . is guilty of embezzlement." Had the legislature, which enacted *simultaneously* §§822 and 823, intended §823 to apply only to elected or appointed collectors of taxes it could and should have provided that "whoever, being a duly elected or appointed official 'and being charged with the collection, safekeeping or transfer of any taxes of the Commonwealth . . ." would be subject to prosecution for embezzlement. The legislative omission to do so is highly significant: *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 645, 40 A. 2d 30. In *Cartwright*, we approved the following language: ". . . It [the Legislature] *could* have done so, and it may even have *intended* to do so, but the fact is *it did not* do so. 'As the court in construing a statute must ascertain and give effect to the legislative intent as expressed in the language of the statute, the court cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted. It makes no difference that the omission resulted from inadvertence, or because the case in question was not foreseen or contemplated. . . .': 59 Corpus Juris, Sec. 576, p. 974. 'The intention and meaning of the Legislature must primarily be determined from the language of the statute itself, and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. This principle is to be adhered to notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact.': 25 R.C.L., §217, p. 961. . . ." (Emphasis supplied by the court.)

In our view, the legislative intent, garnered from the language of §823, was not to limit and restrict §823 to those elected or appointed public officials charged with the collection of taxes but to embrace *all* persons who, by law, are charged with the collection of taxes. The legislative aim was not to create a felony limited to a special legal breed of collectors of taxes but to protect all taxes, on their way from the taxpayers, from embezzlement by any persons who happen to be charged with the collection of such taxes. One who collects taxes is, under the statute, a collector of taxes and, under the broad language of the statute, if any such person converts such taxes to his own use he is guilty of the crime of embezzlement under §823.[9]

Appellee's next contention is that any prosecution under §823 is precluded by the special penal provisions of §573 of the Sales Tax Act. Section 573 provides, inter alia, that any person, maintaining a place of business in Pennsylvania and selling or leasing tangible personalty, the sale or use of which is subject to the sales tax, who wilfully fails, neglects or refuses to collect the tax from the purchaser and remit the tax to the Commonwealth is guilty of a misdemeanor. Section 573 does not include the offense of embezzlement. While §573 does include a failure to remit the sales tax as an offense, a very essential element of proof essential to a conviction under §823 is not required, i.e., the conversion or appropriation of the collected taxes to the vendor's use in any way whatsoever. The crimes created under §573 are administrative in nature, require no proof of monetary gain and are properly classed as misdemeanors. The crime created under §823 is an entirely different mat-

---

[9] To the extent that *Commonwealth v. Simpson*, 74 Pa. D. & C. 313, indicates a contrary construction of §823, such case is overruled.

ter, involves an element of culpability and is properly classed as a felony.

The most complete answer to the contention that §573 precludes prosecution under §823 is provided by §601(b) of the Sales Tax Act (72 P.S. §3403-601) which provides, inter alia: "the criminal offenses and penalties therefor prescribed by this act [the Sales Tax Act] shall be *in addition* to any criminal offenses prescribed by the general laws of this Commonwealth, which may arise out of the same transaction or transactions." (Emphasis supplied). That section leaves applicable the provision of The Penal Code unless such are duplicated by §573 of the Sales Tax Act and there is no duplication of the crime defined in §823 of The Penal Code to be found in §573 of the Sales Tax Act. The essence of §573 is the thwarting of those who would block the administration of the Sales Tax Act; the essence of §823 is the conversion or misappropriation of such tax. If anyone converts taxes to his own use he is guilty of the crime charged by §823. While such conversion might add to the opprobrium of failure to remit under §573 of the Sales Tax Act, it would not be an essential element of proof of violation of §573 nor would it alter the legal effect of such violation. Clearly, §601(b) of the Sales Tax Act demonstrates the legislative intent not to make §573 the exclusive criminal remedy with respect to a failure to remit sales taxes.

Lastly, Shafer urges that it is only the corporation of which he is president, and not himself, as an individual, who can be prosecuted under §823. Such contention is without merit and Shafer, as president and the principal officer of the corporation, is subject to prosecution under §823. The burden, of course, will be upon the Commonwealth to prove, at the trial, that Shafer personally dominated and controlled all the affairs of the corporation. In *Commonwealth v.*

*Stone,* 187 Pa. Superior Ct. 225, 229, 144 A. 2d 614, that Court stated: "Individuals are subject to indictment for acts done under the guise of a corporation where the individual personally so dominated and controlled the corporation as to immediately direct its action". See also: *Commonwealth v. Keppel,* 128 Pa. Superior Ct. 80, 85, 193 A. 138.

The rationale which underlies the application of §823 to the president in control and domination of a corporation was well expressed by this Court in *Markovitz v. Markovitz,* 336 Pa. 122, 126, 8 A. 2d 36: "As Mr. Chief Justice KEPHART said in Tucker v. Binenstock, 310 Pa. 254 (p. 263): 'The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless.' We have said that 'a court of equity does not take a skin-deep view of a situation like that here presented. It looks to the substance of the transaction, not to its mere form or color, . . . and sees things as ordinary men do . . .': Kendall v. Klapperthal Co., 202 Pa. 596, 607."

In summary, we conclude: (1) that §823 of The Penal Code is applicable to anyone, whether a public official or not, who collects and converts or appropriates to his own use any tax monies; (2) that §573(b) of the Sales Tax Act does not preclude a prosecution, under §823 of The Penal Code, of anyone who collects and converts or appropriates sales tax monies; (3) that, if the Commonwealth can prove at trial that Shafer dominated and controlled the corporation of which he was the chief executive officer, Shafer is sub-

ject to prosecution and conviction under §823 of The Penal Code.

Orders reversed.

Mr. Justice EAGEN dissents.