## Commonwealth v. Alberici

*Jacques H. Fox*, District Attorney, and *Edward J. Carney, Jr.*, Assistant District Attorney, for Commonwealth.

*Verlin & Goldberg* and *Auerbach & Ramsey*, for defendant.

SWENEY, P. J., September 13, 1966.—Defendant was convicted before Richard L. Cloud, Justice of the Peace of Darby Borough, Delaware County, for violation of the Act of June 24, 1939, P. L. 872, sec. 651, its supplements and amendments, 18 PS §4651, and was fined $10 and costs. An appeal to this court was allowed and, after a long delay, the matter is now before us for decision.

The act in question provides: "Whoever, being a licensed keeper, proprietor, owner or superintendent of any public pool-room or billiard-room permits such place to remain open between the hours of one o'clock ante meridian and six o'clock ante meridian of any secular day, or on the first day of the week, commonly called the Sabbath Day, . . . upon conviction thereof in a summary proceeding, shall be sentenced to pay a fine not exceeding ten dollars ($10) and, in default of the payment of such fine, and costs, shall be imprisoned not exceeding thirty (30) days".

Defendant admits that the pool room at Chester Pike and McDade Boulevard in Darby Borough was open and doing business as charged and that he was present and in charge, but seeks a reversal of the judgment against him, on the grounds that:

(a) He is a stockholder of the Delaware County Billiard Academy, Inc., and, therefore, he is not a licensed keeper, proprietor, owner or superintendent;

(b) This act has been repealed by subsequent acts of the legislature;

(c) A statute which authorizes all forms and manner of wholesome recreation on Sunday except billiards is unconstitutional.

A stockholder is in every sense a proprietor or owner. There is no contradiction of the fact that this defendant was in charge of the operation of this pool hall on Sun-

day. We hold that he personally dominated this whole situation: Commonwealth v. Shafer, 414 Pa. 613.

However, this statute has been repealed by implication by the Act of July 10, 1961, P. L. 560, sec. 1, which provides, inter alia:

"Whoever does or performs any wordly employment or business whatsoever on the Lord's day, commonly called Sunday (works of necessity, charity, and wholesome recreation excepted), shall, upon conviction thereof . . .

"As used in this section 'wholesome recreation' shall mean golf, tennis, boating, swimming, bowling, basketball, picnicking, shooting at inanimate targets and similar healthful or recreational exercises and activities".

This case could be easily decided by following the decision in Commonwealth v. Hamme, 35 D. & C. 2d 539 (York County), where the court held that the Sunday Statute did not apply to billiard parlors operated in boroughs and in second class townships, although the legislature provided for regulation in first class townships and cities of the third class. But, we take the broader view that billiards and pool are wholesome recreation (see Act of June 24, 1939, P. L. 872, sec. 605, 18 PS §4605).

There appears to be more behind this prosecution than merely a billiard parlor open on Sunday. The law prohibits gambling in pool parlors, and a community can stop and close a billiard parlor if it becomes a nuisance. If this parlor is not being properly operated and has become a "hangout" for undesirable people, the proper police action should be taken.

### Decree

And now, September 13, 1966, it is ordered and decreed that the appeal herein filed is sustained, the judgment of the justice of the peace is reversed, and the fine and costs imposed are remitted.