Commonwealth *v.* Barnes, Appellant.

Argued April 21, 1972. Before EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

*Steven M. Dranoff,* with him *Spivack & Dranoff,* for appellant.

*Judith Dean,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, June 28, 1972:

We are today asked to determine the proper construction of Section 410(c)[1] of the Mental Health and Mental Retardation Act of 1966.[2] The issue presented is this: After having plead guilty to voluntary manslaughter, the defendant is committed under Section 410(c) to a state mental hospital for a period not to exceed six years, but before the expiration of six years no longer requires care and treatment for mental disability and is discharged from the mental institution,

---

[1] Section 410 of the Mental Health and Mental Retardation Act of 1966 reads:

"4410. Commitment in lieu of sentence of person adjudged guilty of crime.

"(a) Whenever any person is adjudged guilty of a crime punishable by sentence to a penal or correctional institution, the trial court may defer sentence and order an examination of the defendant for mental disability to guide it in determining his disposition. Such action may be taken on the court's initiative, or on the application of the district attorney, the defendant, or his counsel or other person acting in his interest.

"(b) The court shall order the defendant's examination at a designated facility or otherwise, by two physicians. The director or physicians shall make a written report of the findings to the court within sixty days of the date of the order, and the report shall be available to the Attorney for the Commonwealth, and counsel for the defendant.

"(c) Upon receipt of a report that the defendant is so mentally disabled that it is advisable for his welfare or the protection of the community that he be committed to a facility, the court may so commit him in lieu of sentence for such period, as may be appropriate until further order of the court; but in no event for a period longer than the maximum sentence authorized for the crime of which he was adjudged guilty. If, upon expiration of such period, further care of such person is necessary, the director shall initiate appropriate proceedings under this act as if no crime had been involved." Act of October 20, 1966, Special Sess. No. 3, P. L. 96, art. IV, §410, 50 P.S. §4410.

[2] Mental Health and Mental Retardation Act of October 20, 1966, Special Sess. No. 3, P. L. 96, art. I, §§101 et seq, 50 P.S. §§4101 et seq.

is the defendant entitled to outright release or still subject to the balance of the six-year sentence imposed? We hold that such a defendant is properly transferred to an appropriate penal institution for compliance with the original sentence.

Appellant Virginia S. Barnes plead guilty on January 30, 1969, to an indictment charging her with voluntary manslaughter. Sentence was delayed until August 26, 1969, pending the completion of a pre-sentence report. On that date appellant was committed to the Philadelphia State Hospital at Byberry under Section 410(c) with a direction that her mental condition be reviewed within six months. On April 9, 1970, the trial court sentenced appellant to serve a term not to exceed six years pursuant to the provisions of Section 410(c).

After appellant was committed for approximately a year, it became the professional judgment of the Superintendent of the Philadelphia State Hospital that she no longer required psychiatric care and treatment at a mental institution. On May 28, 1971, after a hearing, Judge DOTY[3] vacated the April 9, 1970, decree and ordered appellant to serve the balance of her six-year sentence in the State Correctional Institution at Muncy.[4] Appellant appealed.

---

[3] Appellant was committed on August 26, 1969, and again on April 9, 1970, to Philadelphia State Hospital by Judge TROUTMAN. At the time of the May 28, 1971 hearing, however, Judge TROUTMAN was deceased.

[4] Appellant also challenges the authority of the trial court on May 28, 1971, to order her to serve the balance of her six-year sentence. Appellant urges that the trial court's action on May 28, 1971, "constituted double jeopardy in violation of *Ex parte Lange*, 18 Wall 163 (1874)." In light of the fact that appellant was *originally* sentenced to serve six years, it is difficult to see how the subsequent reaffirmation of that sentence with full credit for the period spent in the state hospital constitutes double jeopardy. Cf. *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969).

In contending that she is entitled to outright release after it was determined that she was no longer in need of psychiatric care and treatment at a mental institution, appellant places primary reliance upon the heading to Section 410. The heading reads: "Commitment in lieu of sentence of person adjudged guilty of crime."[5] Appellant argues that a literal reading of that heading evidences a legislative intent to have commitment take the place of sentencing. Her purported syllogism goes as follows: Because commitment takes the place of sentencing, when commitment is no longer necessary, defendant is entitled to unconditional release.[6]

---

[5] Appellant relies upon the following canon of construction in advancing her argument: "The title and preamble of a law may be considered in the construction thereof. . . . The headings prefixed to . . . sections . . . shall not be considered to control but may be used to aid in the construction thereof." Act of May 28, 1937, P. L. 1019, art. IV, §54, 46 P.S. §554 (footnotes omitted).

However, it is well-settled that " '[W]hen the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.' " *Commonwealth v. Shafer*, 414 Pa. 613, 621, 202 A. 2d 308, 312 (1964).

[6] Appellant also relies upon Section 418 of the Mental Health and Mental Retardation Act of 1966 to support her contention. That section provides: "Any admission or commitment of a person under this act, shall be valid and authorize the detention of such person only for the period specified in the section under which he was admitted or committed, or, where authorized, for such period as a court may specify in its order of commitment. If no period is specified in a commitment, the person may be detained until care or treatment is no longer necessary, whereupon he shall be discharged, or otherwise dealt with in accordance with the provisions of this act." Act of October 20, 1966, Special Sess. No. 3, P. L. 96, art. IV, §418, 50 P.S. §4418. As is apparent, however, appellant's contention must rise or fall with a construction of Section 410. In our view Section 410 does not alter the original sentence, therefore after "care or treatment is no longer necessary" a defendant is

Reading all the appropriate Mental Health and Mental Retardation Act of 1966 provisions relating to criminal defendants together as a unitary scheme, as we are required to do, the result appellant suggests cannot properly be sustained.

Indeed Section 410(c), principally relied upon by appellant, by its own language specifically refutes the construction appellant urges. That section reads in pertinent part: "[T]he court may so commit him [defendant] in lieu of sentence for such a period . . . *until further order of the court*. . . ." (Emphasis added.) If the Legislature intended that a criminal defendant with mental disabilities who was committed after being found guilty at trial or entry of a plea of guilty was entitled to outright release upon termination of the necessity of commitment for psychiatric care and treatment, there would have been no need for specific legislation directing that the trial court retain jurisdiction over defendant.[7] The Legislature by specifically continuing jurisdiction with the court could only have intended that if before the expiration of the defendant's sentence he no longer needed the care and treatment

---

"dealt with in accordance with the provisions of this act" by serving the remainder of his sentence.

Appellant also relies upon the Task Force Guide to the Interpretation of Commitment Procedures and Other Provisions of Article IV of the Mental Health and Mental Retardation Act of 1966. The Task Force did suggest in its report, prepared some years *after* the enactment of the Mental Health and Mental Retardation Act of 1966, that Section 410 "does not provide for deferring of sentence until recovery of the patient. . . ." We likewise do not interpret Section 410 to permit the deferring of sentence, but rather to provide that a defendant after treatment and care is no longer necessary must serve the balance of his original sentence in a penal institution.

[7]Had not Section 410(c) specifically provided for the trial court's continued jurisdiction over the defendant, Section 423 of the Mental Health and Mental Retardation Act of 1966 may have required appellant's outright release.

available in a mental hospital, the court retained the power to have defendant comply with the sentence imposed.[8]

That the Mental Health and Mental Retardation Act of 1966 cannot sustain appellant's contention that she need not serve the balance of her sentence is readily demonstrated by the act's provisions for two other categories of criminal defendants. If a criminal defendant *prior to trial* is committed under Sections 407[9] and 408[10], Section 409[11] makes clear that "criminal proceedings against him *shall be stayed.*" (Emphasis added.) Similarly under Section 411[12] a criminal defendant *found guilty and incarcerated* in a penal institution may because of mental disabilities be transferred to a mental hospital. If, however, the convicted defendant recovers and no longer needs care and treatment in a mental hospital, "he shall be retransferred to the cus-

---

Section 423 provides:

"Every person admitted, committed or detained in any facility shall have the right:

. . . .

"(6) To be released as soon as care and treatment in a facility is no longer necessary."

[8] See the Act of June 25, 1948, c. 645, 62 Stat. 855, 18 U.S.C. §4242. The Federal scheme for commitment of criminal defendants similarly requires that if the period of commitment is shorter than the original sentence, the balance of the sentence must be served.

The continuing jurisdiction of the court over the defendant in Section 410(c) is to be contrasted with Section 413, which governs defendants found not guilty by reason of insanity. There the Legislature provided that such not guilty defendants were to be committed under Section 406, and upon recovery from mental illness they are entitled to unconditional release.

[9] Act of October 20, 1966, Special Sess. No. 3, P. L. 96, art. IV, §407, 50 P.S. §4407.

[10] Id. 50 P.S. §4408.

[11] Id. 50 P.S. §4409.

[12] Id. 50 P.S. §4411.

tody of the bureau *to serve his sentence.*"[13] (Emphasis supplied.) It would indeed be anamolous to hold that criminal defendants, committed to a mental hospital either before trial or after imprisonment, upon release from the hospital must still face the sanctions of the criminal process, while at the same time concluding that this appellant satisfied her six-year sentence of imprisonment by confinement to a mental hospital for a period of one year. We find no statutory or other basis for such a manifestly unjust and unusual result.

Yet another specific example of the Mental Health and Mental Retardation Act of 1966's treatment of *all* criminal defendants in precisely the same manner is found in Section 424.[14] That section provides penal sanctions for *all* criminal defendants who escape from a mental institution while committed regardless of whether they were committed prior to trial, after trial but before imprisonment as in this case, or during imprisonment.

It is clear from a reading in pari materia of all sections of the Mental Health and Mental Retardation Act of 1966 dealing with criminal defendants that the relevant sections were meant to supplement, not replace, the orderly criminal and sentencing process. The clear objective of these salutory provisions is that whenever it becomes apparent during any stage of the criminal process that a defendant is in need of commitment for treatment and care of mental disabilities, such treatment is made available. The comprehensive Mental Health and Mental Retardation Act of 1966 by providing for commitment in a mental hospital for treatment and care in instances of mental disability merely designates the facility where defendant is to be confined during the period of such mental illness. Thus in the in-

---

[13] Id. 50 P.S. §4412(c).
[14] Id. 50 P.S. §4424.

stant case appellant's discharge from the mental hospital did not constitute satisfaction of the entire sentence imposed but only resulted in credit towards the sentence for the time she was hospitalized.

The judgment of sentence is affirmed.

Mr. Chief Justice JONES and Mr. Justice POMEROY took no part in the consideration or decision of this case.