## The Commonwealth of Pennsylvania v. William F. Werner, Appellant.

*Criminal law—Defective indictment—Bar of the statute.*

An indictment is fatally defective which shows, on its face, that it was found more than two years after the commission of the offense, and fails to allege that defendant had not been an inhabitant or usual resident of this state at any time before he was indicted.

*Criminal law—Estoppel—Plea of the statute.*

An agreement for support does not work as an estoppel to setting up the statute of limitations, on an indictment for fornication and bastardy.

Argued April 28, 1897. Appeal, No. 156, April Sess., 1897, by defendant, from sentence of Q. S. Allegheny Co., Dec. T., 1896, No. 57, on verdict of guilty. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Indictment for fornication and bastardy.   Before WHITE, J.

It appeared from the record that information was made October 6, 1896, charging the offense to have been committed October 13, 1894.   A preliminary hearing was waived by defendant October 14, 1896, and bail given for his appearance.   On December 8, 1896, the grand jury found a true bill charging fornication and bastardy on October 14, 1894.   Plea, non cul et de hoc, filed by defendant December 18, 1896.   Verdict of guilty.   Defendant appealed.

*Errors assigned* were (1) In overruling defendant's motion to quash.   (2) In overruling defendant's motion in arrest of judgment.   (3) In imposing sentence on the verdict.

*Chas. B. Payne,* for appellant.—The indictment itself showing the offense charged to have been committed on October 13, 1894, and that a true bill was found thereon on December 8, 1896, more than two years intervening, the prosecution is barred by the statute of limitations, and defendant's motion to quash should have prevailed.

The statute begins to run against a prosecution for fornication and bastardy from the date of the commission of the offense, and not from the date of the birth of the child : Com. v. Ruffner, 28 Pa. 259 ; Com. v. Bartilson, 85 Pa. 482.

The date of the finding of the bill is the time when the prosecution is begun, and not the date of the making of the information : Com. v. Haas, 57 Pa. 443.

Astuteness must not be employed to narrow or take away a defense granted by law to a party accused of crime : Com. v. Haas, 57 Pa. 443.

Penal statutes must be construed strictly : Gallagher v. Neal, 3 P. & W. 183 ; Bucher v. Com., 103 Pa. 528.

The opinion of the court filed is no part of the record; and therefore the reasons assigned for overruling defendant's motion in arrest of judgment are not before the court, and will not be considered: Com. v. Church, 1 Pa. 105; Girts v. Com., 22 Pa. 351.

*J. R. McQuaide,* for appellee, submitted no paper-book.

OPINION BY WICKHAM, J., July 23, 1897 :

The indictment in this case shows, on its face, that it was found

more than two years after the commission of the offense charged, and fails to allege, that the defendant had not been an inhabitant or usual resident of this state at any time before he was indicted.

It should therefore have been quashed as being fatally defective: Com. v. Bartilson, 85 Pa. 482; Com. v. Owens, 3 Kulp, 230.

We cannot agree with the learned trial judge, that the defendant's agreement to support the prosecutrix and her child, estopped him from relying on the statute of limitations. His conduct in refusing to perform the agreement may have been dishonest and dishonorable, but neither it, nor the agreement, interfered with the running of the statute nor lifted its bar.

To hold otherwise would lead to extraordinary results. Thus one guilty of assault and battery, or embezzlement, and agreeing to make compensation or restitution, by instalments, might be indicted twenty years or more after the commission of the offense, if he defaulted on any of his promised payments.

Judgment reversed and defendant discharged from his recognizance.