# Commonwealth *v.* Bishop, Appellant.

*Criminal law—Indictment—Statute of limitations.*

Where an indictment fails to aver that the offense was committed within the period of the statute of limitations, the prosecution may show that defendant was not a usual resident within the Commonwealth, and where such evidence is sufficient to toll the statute, the case should be submitted to a jury.

*Municipal Court of Philadelphia—Committing magistrates.*

A judge of the Municipal Court of Philadelphia is, ex officio, a committing magistrate.

Submitted Oct. 14, 1918. Appeal, No. 170, Oct. T., 1918, by defendant, from order of Municipal Court of Philadelphia, Oct. Sess., 1917, No. 302, on verdict of guilty in the case of Commonwealth v. James Bishop. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-HART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for fornication and bastardy. Before GIL-PIN, J.

From the record it appeared that the defendant was indicted for fornication and bastardy and a true bill of indictment found on December 4, 1917. Motion was made to amend the indictment so as to charge the commission of the offense as September 15, 1915, instead of April 2, 1917, as originally incorrectly laid.

A motion to quash the indictment was presented, which was overruled and the case went to trial, resulting in a verdict of guilty.

A motion for rule to show cause why a new trial should not be granted, and in arrest of judgment, was presented to the Municipal Court and the rule for a new trial made absolute.

At the second trial on May 16, 1918, defendant moved to quash indictment as being fatally defective because, on its face and endorsement, it showed the statute of limitations to be a bar.

The court refused the motion to quash, and on verdict of guilty made an order against the defendant. Defendant appealed.

*Errors assigned,* among others, were in overruling defendant's motion to quash, and in overruling defendant's motion in arrest of judgment.

*Charles G. Gartling,* for appellant: The indictment was defective because it did not show that the defendant was within the exceptions to the statute: Com. v. Ruffner, 28 Pa. 259; Com. v. Haas, 57 Pa. 443; Com. v.

255, (1919).]     Arguments—Opinion of the Court.

Owens, 3 Kulp 230; Com. v. Batilson, 85 Pa. 482; Com. v. Werner, 5 Pa. Superior Ct. 249; Com. v. Weber, 67 Pa. Superior Ct. 497; Graham v. Com., 51 Pa. 255; Blackman v. Com., 124 Pa. 578.

A judge of the Municipal Court of Philadelphia County had no right to sit as a committing magistrate: Section 26, Article V, of the Constitution of Pennsylvania; Gottschall v. Campbell, 234 Pa. 347.

*Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.—The bill of indictment need not allege that the defendant was within the exception of the statute of limitations when the Commonwealth fully establishes that point by proof at the time of the trial: Blackman v. Com., 124 Pa. 578; Com. v. Bates et al., 1 Pa. Superior Ct. 223.

OPINION BY TREXLER, J., March 3, 1919:

The defendant was charged with fornication and bastardy. The crime was committed in the State of Delaware but the child was born in Philadelphia. The latter place was the proper place to institute the prosecution: Act of March 31, 1860, Sec. 38 P. L. 393.

When the case was called for trial the defendant moved to quash the indictment for reasons filed but not printed in the paper book. The district attorney then moved to amend the indictment by changing the date and substituting September 15, 1915, a date more than two years before the finding instead of April 2, 1917, as laid therein the latter date being within two years. As far as we can learn from the proceedings as set forth in the paper book, this amendment was not necessary, for the time being laid within two years, the Commonwealth could prove any date prior: Blackman v. Com., 124 Pa. 578.

The defendant then objected to the amended indictment because on its face, the offense charged was barred.

by limitation Act of March 31, 1860, Sec. 77 P. L. 450, as it was laid at a date more than two years prior to the finding. The question we are asked to consider is: "When the indictment on its face shows that it was found more than two years after the commission of the offense, and fails to allege that the defendant had not been an inhabitant or usual resident of this State, is it fatally defective?"

The indictment before us charged the crime "Substantially in the language of the act of assembly prohibiting the crime." Act of March 31, 1860, Sec. 11 P. L. 433.

The specific objection that the indictment failed to state that the defendant was not an inhabitant or usual resident was not made on the motion to quash. The alleged defect should have been pointed out and being formal could have been cured by amendment: Com. v. Williams, 149 Pa. 54. But passing this we think the indictment was sufficient.

It was said in Blackman v. Com., 124 Pa. 578, that, "in a case where the statute may be interposed, and the Commonwealth alleges the defendant comes within the exception of the statute, the better practice is to aver in the indictment the facts relied upon to toll the statute. We do not regard this as essential however, and we would be exceedingly loth to reverse for such a technical reason after a trial and conviction upon the merits. The true rule is thus stated by Mr. Wharton in his work on criminal law at page 446; 'Although the defense on the face of the indictment, is outside the statute, yet the prosecution may prove, without averring it in the indictment, that the defendant, having fled the state, was within the exception of the statute.'"

In Com. v. Werner, 5 Pa. Superior Ct. 249, this court held the contrary but, an examination of that case shows that the case hinged upon the question whether an agreement to support his bastard child operated as an estoppel so as to prevent the defendant pleading the statute in bar.

It may be said that the statement in Blackman v. Com., supra, is also dictum and is not controlling for in that case the date fixed was within the period of two years. We prefer nevertheless, to accept the law as declared in that case as it is in accord with the weight of the authorities. Further, technical defenses are not favored when a trial has been had on the merits. In U. S. v. Cooke, 17 Wallace 168, it was held that the facts which bring the defendant within the exception of the act of Congress limiting prosecutions need not be alleged in the indictment. If the crime can be fully and accurately defined without reference to the exception, the indictment is good without such reference. The conclusion is supported by a number of citations from the English and American reports. This position is further justified by a very full review of the cases in the notes on the above case in the twelfth volume of the American Law Register N. S., page 691, the concluding paragraph of which sums up the argument as follows: "The result of this foregoing analysis shows that the notion of an indictment being demurrable for laying a time beyond the statutory period is, with the exception of the loose statement of two or three text writers of recent and native growth and we have the very singular spectacle of an American court in this century being asked to sustain a demurrer which, in the strictest age of the English law was regarded as containing only a frivolous objection." It may be that where an indictment shows that the offense was not committed within the period of the limitation, upon objection, the court may in its discretion quash it, if there is no offer on the part of the Commonwealth to prove the defendant within the exception. Whenever however, the motion to quash is met with the offer on the part of the Commonwealth to show that the defendant was not a resident of the Commonwealth the jury should be allowed to pass upon the proof submitted. In examining the notes of the trial, there was sufficient testimony to show that the defendant came within the excep-

tion of the act: Com. v. Bates, 1 Pa. Superior Ct. 223. He was, therefore, not within the protection afforded by the statute. He was fairly tried, had afforded to him all the rights guaranteed to him under the laws and the verdict of the jury should not be disturbed.

As to the question as to whether a judge of the Municipal Court can sit as a committing magistrate, we have held that he can. See Com. v. Persch, filed January 3, 1919.

The judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.