Commonwealth, Appellant, *v.* Feuerstein and Stern.

Argued November 11, 1929.

Before PORTER, P. J.,
TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ.

*John H. Maurer*, Assistant District Attorney, and
with him *John Monaghan*, District Attorney, for appellant.—A fugitive defendant has no standing in

criminal courts to maintain a motion to quash bills of indictment: Luther v. State, 27 Ind. 47; U. S. v. Taylor, 4 Cranch Circuit Ct. Rep. 731; State v. Judkins, 206 N. W. Rep. 119, 200 Iowa 1234.

A defendant has no right to allege under oath, and attempt to prove insufficiency of evidence submitted to a grand jury: Com. v. Feenix, 6 Pa. District and County Reports 15.

*B. D. Oliensis*, for appellee.—Indictments based upon incompetent evidence are invalid and must be quashed: Commonwealth v. Ross, 58 Pa. Superior Ct. 412; Commonwealth v. Hamilton, 4 D. & C. 329; Commonwealth v. Mosier, 135 Pa. 221.

Where the defendant is a fugitive from justice, a court's action in quashing the indictments is not such a manifest and flagrant abuse of discretion as is reversible on appeal: Commonwealth v. Green, 126 Pa. 531.

OPINION BY GAWTHROP, J., January 29, 1930:

These are appeals by the Commonwealth from orders quashing five bills of indictment charging defendants with the unlawful possession, manufacture and sale of intoxicating liquor in violation of our enforcement statute, and with unlawfully conspiring to commit those offenses. The bills were what are called district attorney bills. They were sent before the grand jury by the district attorney after first obtaining the leave of the court below pursuant to a petition duly supported by the oath of the chief of the city detectives of Philadelphia County, setting forth that the defendants had committed the offenses above mentioned, and since the commission thereof had fled from the County of Philadelphia, and State of Pennsylvania, and become fugitives from justice; and that a warrant for their arrest for said offenses had been procured, but could not be executed because the defendants were

outside of the Commonwealth and their whereabouts were unknown to him. Subsequent to the return of the bills as true by the grand jury, Feuerstein, one of the defendants, without having surrendered, or entered bail for his appearance for trial, or submitted himself in person to the jurisdiction of the court below, filed his sworn petition to quash all of the bills of indictment on the ground that the testimony of the sole witness who appeared before the grand·jury was incompetent, because it was derived entirely from hearsay. The petition averred also that the bill charging conspiracy did not charge an indictable offense. To the rule granted on this petition the Commonwealth filed an answer denying the averment that the conspiracy bill charged no offense indictable under the laws of the Commonwealth, but admitting that the sole witness on whose testimony the indictments were found "testified as to the identity of the defendants from hearsay, but testified to other material matters of his own knowledge in relation to the charges," and averring that the court was without power to inquire into the sufficiency of the testimony of the witness before the grand jury. The answer averred also that after the grand jury found true bills, the judge of the court below directed bench warrants to issue against the defendants; that they were not apprehended, did not surrender, and did not enter bail for their appearance for trial; and that therefore the petitioner "is not in court and has no standing to file and urge his motion to quash, and still being a fugitive." Upon the record thus made the court quashed all of the indictments on the ground that, as the answer filed by the Commonwealth admitted that the testimony of the sole witness who appeared before the grand jury was purely hearsay, so far as it tended to connect the defendants with the commission of the offenses charged, there was no

competent evidence adduced to connect them with the charges preferred against them.

In view of the conclusion which all of the members of this court have reached, it is unnecessary to decide the question whether this is a sound reason for quashing an indictment.

In our opinion the court below should have refused to entertain the petition of the defendant, Feuerstein, to quash the indictments until he had submitted himself in person to the jurisdiction of the court. It does not comport with our ideas of sound public policy, and due regard for the proper administration of the criminal law, and the right of the Commonwealth to vindicate that law in her courts, to permit one who has been indicted in a criminal court of this Commonwealth while he is a fugitive from justice, and has neither been arrested, nor surrendered himself, nor entered bail for his appearance, to appear by counsel only, and attack the validity of that indictment. There is no right to file an appearance de bene esse in our criminal courts. Those courts deal with the body of a defendant, and until he has been arrested, or has actually surrendered his body, or has entered bail to appear, he is in no position to assert his rights in such court. Apparently this precise question has not been decided in any reported case in this State, and our investigation has not disclosed that it has ever arisen in this jurisdiction. But we have no hestitation in deciding it now. In U. S. v. Taylor, 4 Cranch Circuit Ct. Rep. 731, the court refused to entertain defendant's motion to quash the indictment until he had been taken into custody. While there are precedents to the contrary in some jurisdictions, they are not binding on us, and the reasoning on which they are based is not convincing. It has been held in this State that a motion to quash an indictment will not be heard after the forfeiture of defendant's recognizance: Com. v. Hag-

gerty, 3 Brewster 285, in which the court followed the rule of the English courts announced as far back as 1 Salkeld 38, and 1 Barnard, K. B. 44. The ground on which these decisions were based was that the action of the defendant amounted to a waiver of his right to make the motion. (See Sadler's Criminal Procedure, p. 319.) In those cases the court seems to have regarded the defendant's conduct such as to place him beyond the pale of judicial relief. In the present case we regard the petitioning defendant as having failed to bring himself within the pale of judicial relief.

This opinion might well end here, but as considerable was said in the appellee's paper book and in the opinion of the court below in support of the proposition that the action of the court below in quashing the bills of indictment must amount to a manifest and flagrant abuse of discretion in order to warrant a reversal of the order appealed from, we shall discuss the matter briefly. In Com. v. New Bethlehem Boro., 15 Pa. Superior Ct. 158, this court, in an opinion by President Judge RICE, held that it is undoubtedly true that the court of quarter sessions has discretionary and revisory powers over what are called district attorney bills, and where the sanction of the court to sending up such a bill has been obtained by deception, whether wilful or unintentional, or has resulted from a misapprehension of the facts by the judge, he may revise his action even after the return of an indictment. Commonwealth v. Green, 126 Pa. 531, decides that the action of the court of quarter sessions in revoking its leave to send a district attorney's bill to the grand jury, by quashing the indictment, is not reviewable on appeal, except for manifest and flagrant abuse of discretion. The distinction between that case and this is, that here the court below was not attempting to revoke its sanction already granted. Nothing of that kind appears in the case. Therefore, the prin-

ciples enunciated in the Green case are not applicable. These indictments were quashed because they were founded upon what the court regarded as incompetent evidence. In deciding that question the court was not exercising a discretionary power, but was deciding a pure question of law, in the same manner as though he were passing upon the validity of an indictment presented in the ordinary method. In reviewing that action on appeal the question would be whether a mistake of law had been committed. But, as already stated, we do not decide that question. It will be time enough to decide it if and when it is brought before us by one of the defendants after he has brought himself within the jurisdiction of the court below.

The order of the quarter sessions quashing the bills of indictment are reversed, and the bills are reinstated, and the record is remitted for further proceedings according to law.