Commonwealth *v.* Biancone, Appellant.

Submitted October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Louis Julian Biancone* and *Charles Joseph Dion,* appellants, in propriis personis.

*William C. Storb,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 19, 1954:

The defendants Louis Biancone and Joseph Dion were found guilty by a jury of robbery with an accomplice while armed. Motions for a new trial were overruled by the court below and from the judgments and sentences the defendants have appealed.

On October 12, 1951 two armed men entered a gasoline station in Lancaster County, Pennsylvania, and at the point of a gun robbed the attendant, Luke Gross.

On December 11, 1951 permission was granted to present indictments to the Grand Jury against the defendants charging them with robbery with accomplice while armed. At the time of this action the defendants were serving sentence imposed by the court of Columbia County and were confined in the Eastern

8

State Penitentiary. A true bill was found against the defendants the same day. The defendants were tried together before a jury on December 8, 1952.

The defendant, Louis Biancone, was, at his own request, granted permission to represent himself at the trial and defendant, Charles Dion was represented by counsel. Both defendants were found guilty as charged and were sentenced to the Eastern State Penitentiary for a period of not less than three nor more than six years.

Although a fugitive hearing was held before an alderman on November 30, 1951; and although a true bill was found by a grand jury against the defendants on the offense charged, the defendants contend they did not have sufficient information to prepare an adequate defense for their trial which commenced on December 8, 1952. The defendants did present a motion to quash the indictment on the ground that the Commonwealth would be unable to make out a prima facie case. The court refused and clearly did not abuse its discretion in so doing. Unless there is some abuse of discretion, the refusal to quash is not reviewable in an appellate court. *Commonwealth v. Green*, 126 Pa. 531, 540, 17 A. 878 (1889); *Commonwealth v. Norris*, 87 Pa. Superior Ct. 66, 69 (1925).

If the defendants deemed themselves unprepared to go to trial they should have moved at this point for a continuance. Ordinarily a new trial will not be granted where no objection was raised at the trial as to lack of time for preparation and no request for additional time was made. 23 C.J.S. §1432, Page 1134. No such request was made and their defense indicates that they were familiar with the nature of the accusations against them.

It is contended that defendant Biancone's lack of counsel at the trial makes it imperative that he be

granted a new trial. With this we cannot agree, for, as President Judge RHODES said in *Commonwealth ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 114, 91 A. 2d 913 (1952) : "Our courts have repeatedly said that failure to provide counsel when none is requested . . . does not constitute, ipso facto, a denial of due process or other violation of the defendant's constitutional rights in non-capital cases. Com. ex rel. Reggie v. Burke, 170 Pa. Superior Ct. 647, 649, 90 A. 2d 385."

We can find no denial of due process nor any violation of either defendants' constitutional rights which would require a new trial.

It is contended that the trial court erred in permitting the victim of the robbery to testify, over objection of defendants, that he made his first identification of the defendants in a prison.

In *Commonwealth v. Robinson,* 163 Pa. Superior Ct. 16, 22, 60 A. 2d 824 (1948) we said: "The Commonwealth had a right to show the first identification of the defendant by the prosecuting witness, whether she saw him on the street and had him arrested, or whether she saw him in a prison cell while being held for some other offense. The Commonwealth could not be compelled to withhold from the jury how this previously unknown offender had been identified and arrested . . ."

Here, as in the *Robinson* case, supra, the identity of the defendant was at issue, and therefore the Commonwealth was entitled to show how the defendants were identified.

It is further contended that identification of the defendants rested solely on the testimony of the victim and that his testimony did not establish personal identification beyond a reasonable doubt. We likewise can find no merit in this contention. The victim of the robbery positively identified the defendants as the rob-

bers upon seeing them at the prison. At the trial also, he was positive and unequivocal in his identification. His testimony standing alone was sufficient to prove identity, if the jury believed it. That the jury believed his testimony was evident from the verdict.

This case was submitted to the jury by the trial judge in a fair and adequate charge, with due regard for the rights of the defendants. There is sufficient credible evidence to support the conviction and the verdict and sentence should not be disturbed.

Judgments and sentences are affirmed.