## Commonwealth v. Rehrer

William Ditter, for Commonwealth.

Thomas F. Doran, for defendant.

DANNEHOWER, J., October 18, 1954.—On January 10, 1952, defendant, while confined in the Montgomery County Prison in default of bail on the charge of assault and battery and aggravated assault and battery upon his father, upon petition of the warden was examined by two physicians appointed by the court and committed to the Norristown State Hospital as a mental patient.

On January 14, 1952, while confined in that hospital, defendant was indicted by the grand jury for assault and battery and aggravated assault and battery upon the person of his father.

Defendant remained a patient in the Norristown State Hospital until September 15, 1952, when he escaped. He has been a fugitive ever since and his present whereabouts are unknown to the Commonwealth except that he is in some other State.

Defendant, without having surrendered, or entered bail for his appearance, or submitting himself in person to the jurisdiction of the court, appeared by counsel only and filed a petition and motion to quash the indictment and the district attorney has filed an answer resisting and opposing such motion. After argument before the court en banc, this motion is pending for decision.

Defendant bases his motion to quash upon the language of the Mental Health Act of June 12, 1951, P. L. 533, sec. 347; as amended January 14, 1951 (1952), P. L. 2053, sec. 11, 50 PS §1227, which reads as follows:

"If any person is committed while awaiting indictment or trial, or has been arraigned or is being tried, proceedings against him shall be stayed until his recovery or sufficient improvement of condition. Upon his recovery or sufficient improvement of condition, if he was previously confined in a penal or correctional institution, he shall be returned upon proper order of the court to the penal or correctional institution from which he was transferred, for the disposition of the charges against him. If he was committed before trial, he shall be returned to the court having jurisdiction of him, for trial or such other disposition of such charges as the court may make."

Defendant argues that a literal interpretation of the act dictates that whenever an accused is committed while awaiting indictment, all proceedings must stay and that therefore an indictment returned during commitment must be quashed. In support of this position he cites Commonwealth v. Rechuba, 4 Chester 411 (1950), a case involving similar facts

and one which we agree holds that the indictment should be quashed.

However, we are not bound to follow this decision and are not in agreement with its holding.

To hold that an accused cannot be indicted while he is committed would be giving to the act an unreasonable construction since there is no provision which tolls the statute of limitations, and we are not disposed to say that the language "proceedings shall be stayed" suffices to toll the statute. Therefore, if an accused could not be indicted during commitment, it is conceivable that many offenders would escape the consequences of their crimes due to the expiration of the statutory period. Obviously, this was not the intention of the legislature. On the contrary, the intention of the legislature was to stay all proceedings which might be prejudicial to defendant during his commitment. An indictment is not a proceeding of that nature, since neither defendant, his witnesses, nor his counsel are permitted to be present. The purpose of an indictment proceeding is to determine whether or not a prima facie case has been made out and defendant's evidence has no bearing on this question.

It has been argued that defendant's right to challenge the array of grand jurors might be prejudiced by allowing the indictment during his commitment. However, in Commonwealth v. Magid and Dickstein, 91 Pa. Superior Ct. 513 (1927), it was held that defendant can make his challenge at the first opportunity after indictment which, in the case at bar, would be upon his discharge from the State hospital. It was also held in Commonwealth v. Weiner, 101 Pa. Superior Ct. 295 (1930), that defendant's right to challenge is not lost until he has entered his plea. It would thus appear that the indictment is in no way prejudicial to an accused and therefore not among the proceedings which the legislature desired to stay.

This reasoning is buttressed by a closer reading of the section in question. After stating that proceedings shall be stayed until defendant's return, there is no specific reference to "indictment". Instead, the references are "for the disposition of the charges against him", and "returned to the court having jurisdiction of him, for trial or such other disposition of such charges as the court may make". The use of the word "indictment" in the opening sentence is merely descriptive of the status of the defendant at the time of commitment and is in no way connected with the subsequent use of the word "proceedings".

Interpreting the statute as we do gives to an accused, who has been committed, full protection from all proceedings wherein his absence could possibly be prejudicial and prevents the previously discussed possibility of an accused escaping punishment by the expiration of the statutory period during his commitment.

Moreover, even though defendant may not be considered a fugitive from the Norristown State Hospital because of a discharge by lapse of time, since he has been continuously absent, with or without leave, for a period of 12 months and thus deemed discharged, nevertheless he is a fugitive from these charges against him.

Sound public policy, due regard for the adminstration of justice, and the Commonwealth's right to vindicate the law in its courts, should not permit one who is a fugitive to appear by counsel only and attack the validity of an indictment. He is in no position to assert his rights in this court until he has surrendered himself or entered bail to appear: Commonwealth v. Feuerstein and Stern, 98 Pa. Superior Ct. 201.

### Order

And now, October 18, 1954, the motion to quash is dismissed.