Commonwealth, Appellant, v. Cody.

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellant.

*Allen N. Brunwasser,* for appellee.

OPINION BY GUNTHER, J., December 17, 1959:

These are appeals by the Commonwealth from the order of the court below quashing two bills of indictment charging the defendant, Lewis W. Cody, with false pretense, under section 836 of The Penal Code of 1939, as amended, 18 P.S. section 4836.

The informations upon which these indictments were based were filed on June 11, 1958 before a Justice of the Peace who issued warrants for defendant's arrest. One information alleged that on or about April 3, 1956, defendant unlawfully pretended that certain funds were available to him for the repayment of a loan which, in fact, was not available. The other information charged that the false pretense occurred on July 18, 1956. On July 5, 1958, the constable made returns on warrants that the defendant could not be apprehended because he moved and no other address was available. No preliminary hearings were had on these informations and on September 16, 1958, these informations were submitted to the grand jury, without leave of court. The same day, true bills were returned. On September 16, 1958, counsel for defendant filed a petition to quash these indictments alleging, among others, that the indictments had been returned more than two years after the dates of the offenses as set forth in the indictments and that the indictments were obtained without preliminary hearing, although the prosecutor was informed of the defendant's willingness to appear wherever necessary.

After hearing, the court below quashed the indictments on the ground that the face of the indictments clearly disclosed that the prosecution was brought after the two year limitation as provided by the Act of March 31, 1860, as amended by the Act of April 6, 1939, P. L. 17, section 1, 19 P.S. section 211, and that the indictments failed to allege that the defendant had not been an inhabitant or usual resident of this State at any time before he was indicted. From such adjudication, the Commonwealth has taken this appeal.

Two questions are raised by this appeal for our determination: (1) Assuming that the defendant is not an inhabitant of, or usual resident within this State, where there is no preliminary hearing, may an indictment be submitted to the grand jury without leave of court, and (2) Should the indictment itself state the exception relied on by the Commonwealth in bringing the prosecution beyond the limitation as set forth in the Act of March 31, 1860, as amended?

The Commonwealth concedes that no preliminary hearings were held on the informations filed. The transcript of the Justice of the Peace disclosed merely that the defendant was not arrested and that the constable's return showed the warrants as not served because defendant could not be apprehended. No testimony of any kind was offered and there was no valid binding over for court. Under these circumstances, we have held that a district attorney has no authority to send to a grand jury bills of indictment unless he first obtains leave of court to do so. *Commonwealth v. O'Brien*, 181 Pa. Superior Ct. 382, 124 A. 2d 666; *Commonwealth v. Wilson*, 134 Pa. Superior Ct. 222, 227, 4 A. 2d 324. While in the *O'Brien* case, supra, we have stated that the discretion of the court may be invoked and is exercisable upon the motion to quash, a belated approval of that which should have been done before, if the court sustains the motion to quash, this is tanta-

mount to refusing its approval of the action of the district attorney. The instant case, therefore, falls squarely under the holding of this case. We again call attention to the necessity of obtaining leave of court in those cases where a preliminary hearing has not been held or cannot be held because of the failure to apprehend the accused or his failure to be present at such hearing. Adherence to this practice will obviate attacks on indictments returned without a preliminary hearing and previous binding over.

Each indictment on its face shows that more than two years have elapsed between the date of the indictments and the dates of the alleged crimes. In the case of one charge, particularly, the information was filed more than two years after the crime is alleged to have been committed. While the Commonwealth concedes this to be a fact, it relies in the exception provided in the Act of March 31, 1860, as amended, supra, providing, "That if the person against whom such indictment shall be brought or exhibited, shall not have been an inhabitant of this State, or usual resident therein, during the said respective terms for which he shall be subject and liable to prosecution as aforesaid, then such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this State:" The Commonwealth further contends that this exception need not be incorporated in the indictment but may be proved at the time of trial as any other issue of fact. This latter contention, however, overlooks the fact that, normally, residence of the defendant, in connection with the commission of crime, is not an issue. If it is to be made an issue, it should be charged in the indictment so as to apprise the defendant that he must defend not only against the crime itself but also against the limitation of prosecution. He should be informed before trial why

the statute of limitation has no application. The opportunity to prepare a defense against such allegation should be given to the same extent as the opportunity to defend against the accusation of crime itself. Were it otherwise, no attack, preliminary to trial, could ever be made on this ground, and if made during or subsequent to trial, an accused would be faced with the well established rule that an attack on an indictment will not be considered after a plea is entered and the jury is sworn. *Blackman v. Commonwealth,* 124 Pa. 578, 17 A. 194; *Commonwealth v. Weber,* 67 Pa. Superior Ct. 497; *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 115 A. 2d 912; *Commonwealth ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360; *Commonwealth v. Poley,* 173 Pa. Superior Ct. 331, 98 A. 2d 766.

The motion to quash an indictment must be made promptly and if not so made, it will not be granted. *Commonwealth v. O'Brien,* supra; *Commonwealth v. Taylor,* 65 Pa. Superior Ct. 113; *Commonwealth v. Russo,* 177 Pa. Superior Ct. 470, 111 A. 2d 359. We have held squarely in *Commonwealth v. Werner,* 5 Pa. Superior Ct. 249, that an indictment is fatally defective which shows on its face that it was found more than two years after the commission of the offense, and fails to allege that the defendant had not been an inhabitant or usual resident of this State at any time before indictment. While there are cases which seem to hold to the contrary, an examination of these cases show that the objection was raised after a plea has been entered or the case permitted to proceed to trial before raising such issue. Even in the case of *Commonwealth v. Boyer,* 168 Pa. Superior Ct. 16, 76 A. 2d 230, relied on by the Commonwealth for the contrary position, the record disclosed that the jury was sworn before the motion to quash was made.

The Commonwealth also relies on the case of *Commonwealth v. Feuerstein & Stern*, 98 Pa. Superior Ct. 201, for the proposition that the motion to quash should not have been entertained until the defendant has submitted himself to the jurisdiction of the court below. While we have so held in that case, it is also clear that in that case the indictment was submitted with leave of court so that the proceedings were regular. The instant case is clearly distinguishable from that case.

Upon a review of an order to quash an indictment, this Court will not set aside the action of the court below except for an abuse of discretion both manifest and flagrant. *Commonwealth v. O'Brien*, supra; *Commonwealth v. Kilgallen*, 175 Pa. Superior Ct. 52, 103 A. 2d 183; *Commonwealth v. Biancone*, 175 Pa. Superior Ct. 6, 102 A. 2d 199. We do not find such an abuse in this case.

The order of the court below is affirmed.

DISSENTING OPINION BY WRIGHT, J. :

I respectfully dissent. It is my view that the majority decision contravenes two rules of criminal procedure which are well settled in this Commonwealth.

(1) Although it is better practice to do so, the district attorney was not required to aver in the instant indictments that the defendant had not been "an inhabitant of this state, or usual resident therein" in order to comply with the terms of the proviso clause in Section 77 of the Act of March 31, 1860, 19 P.S. 211. It was expressly so ruled in *Blackman v. Commonwealth*, 124 Pa. 578, 17 A. 194. An indictment which did not contain such an averment was sustained in *Commonwealth v. Bishop*, 71 Pa. Superior Ct. 255. I mention this case in particular because Judge (later President Judge) TREXLER distinguishes and in effect overrules *Commonwealth v. Werner*, 5 Pa. Superior Ct. 249, upon which the majority opinion relies. In *Com-*

*monwealth ex rel. Patterson v. Ashe,* 154 Pa. Superior Ct. 397, 36 A. 2d 249, President Judge KELLER said: "It is well settled that it is not essential to aver in an indictment, found more than two years after the perpetration of such an offense, the facts relied upon to bring the case within the terms of the proviso to section 77 aforesaid". This language was quoted with approval by Judge DITHRICH in *Commonwealth v. Boyer,* 168 Pa. Superior Ct. 16, 76 A. 2d 230.

(2) This defendant should not have been permitted to appear by counsel only and attack the validity of the indictments. He had neither been arrested, nor surrendered himself, nor entered bail for his appearance. Such a defendant is in no position to assert his rights. It was expressly so ruled in *Commonwealth v. Feuerstein and Stern,* 98 Pa. Superior Ct. 201. See also *Commonwealth v. Rehrer,* 1 Pa. D. & C. 2d 666; *Commonwealth v. National Gypsum Co.,* 4 Pa. D. & C. 2d 169.