## Commonwealth v. Mangiaracina

*Kenneth A. Cardone,* Assistant District Attorney, for Commonwealth.

*Peter J. Verderame,* for defendant.

SATTERTHWAITE, P. J., April 6, 1973.—Defendant has been indicted upon a total of 120 indictments, the collective gravamen of which is to accuse him (1) of bribery and corrupt solicitation of the State Police officer in charge of a motor vehicle operator's license examining station to influence him in certifying eight particular persons as having successfully passed the licensing examination when, in fact, none had taken the examination, and (2) of forgery and falsification, as an alleged coconspirator with such officer in charge, of official reports and records pertaining to such licensing examinations. Defendant's motion to quash each and every of these indictments has been argued before a court en banc.

The first 48 of these, nos. 363 through 363-47, inclusive, were precisely and exactly duplicated by another 48, nos. 363-A through 363-47-A, inclusive, apparently for the reasons that the former had been endorsed as approved in error as a matter of form by the foreman of the indicting grand jury and without proper notice to defendant. It is agreed that those bearing the "A" subscript were to be substitutionary therefor. Accordingly, indictments nos. 363 through 363-47,

inclusive, may be and hereby are summarily quashed as surplusage, without further consideration.

The scheme of the remaining 72 indictments is to charge defendant in nine indictments, each containing two to six counts, with criminality as to the situation of one of the parties who had so illegally obtained a motor vehicle operator's license, and to repeat each such combination of nine indictments as to each of the eight such parties. Those relating to the improper licensing of one Carmen Ibarrondo were typical: nos. 363-A and 363-1-A, respectively, charged that defendant feloniously made and uttered [felonies under section 1014 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §5014], and conspired with the State Police officer in charge to make and utter [misdemeanors under section 302, 18 PS §4302], forged instruments in that a certain report of operator's examination (form SP9-081) and a report of an examiner's daily work sheet (form SP9-082) contained information, including the signature of the purported examiner, which had been forged with respect to the said Carmen Ibarrondo's purported examination. Nos. 363-2-A, 363-3-A, and 363-4-A, respectively, charged that defendant made false statements on forms SP9-081, SP9-082 and SP9-083, matters within the jurisdiction of an agency of the Commonwealth, and used such false documents [misdemeanors under section 328, 18 PS §4328], and conspired with the State Police officer in charge so to do, to falsely report that Carmen Ibarrondo had taken and successfully passed the operator's examination. No. 363-40-A charged that defendant committed bribery [a misdemeanor under section 303, 18 PS §4303] and corrupt solicitation [a misdemeanor under section 304, 18 PS §4304] of the State Police officer, and conspired with him and another to do so, to influence him in a matter pending

before him and pertaining to his office and so obtain an operator's license for Carmen Ibarrondo without her having undergone an examination therefor. Nos. 363-48 charged defendant with having forged [a felony under section 1020, 18 PS §5020], and conspiracy with the State Police officer in charge to forge, the certificate known as form SP9-081, Report of Operator's Examination, and certain information thereon, including the signature of the examiner, with respect to the purported examination of Carmen Ibarrondo; nos. 363-49 and 363-50 similarly charged defendant with forging, and conspiracy to forge, certificates known as forms SP9-082 and SP9-083, Examiner's Daily Worksheet, and Daily Summary of Station Activities, respectively.

The dates of the offenses alleged in the 72 indictments ranged from June 10, 1969, to December 10, 1969, all more than two years prior to May 5, 1972, and November 17, 1972, the respective dates of approval by the grand jury, but less than five years prior thereto. The principal ground of defendant's motion to quash, of course, is the statute of limitations. Two statutes are involved.

The first is the Act of March 31, 1860, P. L. 427, sec. 77, as amended, 19 PS §211, which provides, in relevant part, as follows:

"All indictments . . . [except murder and voluntary manslaughter] . . . shall be brought or exhibited within the time and limitation hereafter expressed, and not after; that is to say, all indictments and prosecutions for . . . *forgery* . . . shall be brought or exhibited *within five years* next after the offense shall have been committed; and all indictments and prosecutions for other *felonies not named* or excepted heretofore in this section, and for *all misdemeanors*, perjury excepted, shall be brought or exhibited *within*

*two years* next after such felony or misdemeanor shall have been committed; . . . And provided also, That indictments for malfeasance, misfeasance, or nonfeasance in office, or for extortion or blackmail by color of office, or for embezzlement of public moneys or property or fraudulent conversion of public moneys or property, or for any misdemeanor in office, *or for any conspiracy to commit any of said offenses* heretofore or hereafter committed *by any officer or employee of this Commonwealth* or of any agency thereof, or of any city, county, borough, township or school district or of any agency thereof, *and their accomplices and confederates*, may be brought or exhibited at any time *within two years from the time when said public officer or said employee shall have ceased to occupy such office or such employment, but in no event more than six years from the commission of the offense."* (Italics supplied.)

The second relevant statute is the Act of March 23, 1877, P. L. 26, 19 PS §212, which reads as follows:

"The offense of forgery, whether the same be a misdemeanor or felony, shall not be held barred by the statute of limitations, when the indictment therefor shall have been brought or exhibited within five years next after the offense has been committed."

Under these statutory provisions, all indictments and the several counts thereof in the instant case not charging the offenses of forgery must be quashed as brought too late since the two-year, and not the five-year, term of limitations would be applicable. All of the charges, except forgery, are either felonies not enumerated in the five-year limitations provisions of 19 PS §211, or misdemeanors. None of the charges is for malfeasance, misfeasance or nonfesance in office, or for extortion or blackmail, or for embezzlement or fraudulent conversion of public property, or for

misdemeanor in office, or for conspiracy or as accomplices to commit any such offense; the public employe exception in 19 PS §211 accordingly has no application: Commonwealth v. Burns, 197 Pa. Superior Ct. 282, 290-291 (1961), even overlooking the fact that the indictments are silent with respect to the termination of the State Police officer's public employment less than two years prior to approval of the subject indictments. Compare Commonwealth v. Cody, 191 Pa. Superior Ct. 354, 358-59 (1959).

The indictments charging the making and uttering of forged instruments (forms SP9-081 and SP9-082) contrary to section 1014 of The Penal Code, 18 PS §5014, whether or not properly included within the five-year limitation period pertaining to forgeries, supra, are subject to quashing herein for another reason: the facts alleged in said indictments in themselves demonstrate that the charges are improperly brought under such provisions of The Penal Code. Section 1014 requires that the making and uttering of the forgery be "to the prejudice of another's right." The falsification and filing of these State Police report forms, in themselves and without more, work no "prejudice" to another. Even though such conduct would be clearly contrary to public policy and not to be condoned, it would be in the category of victimless crime and not within the ambit of section 1014.

The foregoing conclusions leave for further consideration only the first counts of indictments nos. 363-48 to 363-71, inclusive, charging forgeries in the alteration, forgery and falsification of the three respective report forms pertaining to each of the eight parties improperly so approved for operators' licenses. These indictments were drawn under section 1020 of The Penal Code, 18 PS §5020, which, provides, in relevant part, as follows:

"Whoever forges, . . . alters, . . . falsifies, . . . any record, . . . or forges, defaces or falsifies any registry, acknowledgment or certificate, or alters, defaces or falsifies any minute, document, book or any proceeding whatsoever, of, or belonging to, any public office, or causes or procures any of said offenses to be committed, or be in anywise concerned therein, is guilty of a felony . . ."

Since the first counts of each of these 24 indictments ostensibly and prima facie do appear that they may have been properly charged under section 1020 aforesaid, they constitute accusations of forgeries, and the five-year period of limitations would apply. [Whether forms SP9-081, SP9-082 and SP9-083, in fact, qualify as the sort of documentation contemplated to be the subjects of interdicted forgery under section 1020 cannot be resolved on the present state of the record and is a question as to which the court presently expresses no final and definitive opinion in the absence of a more fully developed factual basis therefor.]

Defendant's further arguments for quashing the indictments are totally lacking in merit. The law is well settled in this Commonwealth that an indictment may be found by a grand jury based upon hearsay testimony or upon evidence which was incompetent or inadequate to make out a prima facie case: Commonwealth v. Dessus, 423 Pa. 177, 181 (1966), and precedents cited. Hence, regardless of the fact that there is no record basis to establish the same as a matter of proof, defendant's contention that the evidence presented to the grand jury could not have made out a case sufficient to justify that body's approval of the several indictments is totally without merit. Nor is there any more substance to his further contention that special provisions of The Vehicle Code of April 29,

1959, P. L. 58, supersede and prevent defendant's indictment under general criminal sections of The Penal Code: Section 608 of the former, 75 PS §608, is a regulatory and administrative section, defining the requirements for examinations for operators' licenses, and in no sense is penal in nature. Section 624(8), 75 PS §624(8), does make it a summary offense to falsify a name, address or other statement "in any application or form required under the provisions of this act," but it is clear from its general context that section 624, headed "Violation of license provisions," prohibits only acts by *operators* in violation of licensing requirements and does not apply to misconduct by *officials* or their confederates in the illegal processing or issuance of such licenses.

One final question remains for disposition. It would seem inherent in the nature of the charges, and indeed the Commonwealth concedes, that it was not the within defendant who personally forged the subject State Police reports or certifications. Rather, it is the prosecution's theory that this defendant is guilty of these charges on the basis that he was a coconspirator with the State Police officer in charge of the examining station and that the latter's falsifications of the records were actions in furtherance of the conspiracy and during the continued existence of it for which all coconspirators would be equally responsible as principals: Commonwealth v. Thomas, 410 Pa. 160 (1963); Commonwealth v. Stukes, 435 Pa. 535 (1969). Defendant apparently does not quarrel with this concept as an abstract legal proposition. He does appear to argue, however, without citation of authority, that since the statute of limitations has run as to the conspiracy counts of the respective indictments, the Commonwealth is thereby also precluded from proving the sub-

stantive principal offenses as to which defendant's guilt could be established only as a coconspirator.

We believe that there is no merit to this contention. While the statute of limitations precludes defendant's prosecution for the separate and cumulative offenses of conspiracy to commit the forgeries, that is not to say that the independent charges of forgery themselves, as to which the statute has not run, may not be proven, if the Commonwealth has the evidence so to do, by showing an unlawful confederation between defendant and the officer that the latter would, and actually did, falsify the records in effectuation of such common understanding. The separate offense of conspiracy may be barred, but the proof thereof as evidentiary of guilt of the principal offense of forgery is not. "The Statute of Limitations affects the crime, not the proof of it": Commonwealth v. Bartilson, 85 Pa. 482, 489 (1878) (holding that proof of a conspiracy barred in time as an offense in itself would nevertheless be properly received as evidence in support of proof of a later conspiracy within the statutory time); Commonwealth v. Kirk, 141 Pa. Superior Ct. 123, 136 (1940), affirmed 340 Pa. 346 (1941).

## ORDER

And now, April 6, 1973, for the reasons stated in the foregoing opinion, defendant's application in the form of a motion to quash is denied, refused and overruled with respect to the first counts of indictments nos. 363-48 through 363-71, inclusive, but is hereby granted with respect to all other indictments and counts which are hereby severally and respectively quashed.