## Commonwealth v. Etter

*James D. Bogar, Assistant District Attorney*, for Commonwealth.
*John McCrea, III*, for defendant.

SHUGHART, *P. J.,* April 3, 1975—The conspiracy and assault and battery offenses with which defendant was charged allegedly occurred on February 15, 1970. The charges were filed against him on August 28, 1974, and, following a preliminary hearing, the cases were returned to court. The bills of indictment were approved by the grand jury of Cumberland County on November 14, 1974. Thereafter, counsel for defendant filed an application to quash the indictments on the ground that on

their face they disclose that the indictments were returned more than two years after the alleged offenses. The district attorney filed an answer and also filed a petition to amend the indictments to aver that defendant was not an inhabitant or usual resident of the Commonwealth for a period in excess of two years following the alleged offenses on February 15, 1970. By orders dated November 29, 1974, the motion to quash the indictments was overruled and leave was granted to amend the indictments to contain the averment that defendant was a fugitive after the offense.

Defendant subsequently entered a plea of not guilty. Following a trial before a judge without a jury, defendant was found guilty of both charges on December 3, 1974. Motions for new trial and in arrest of judgment were filed December 6, 1974, and are presently before us for disposition.

Defendant's first contention in support of his post-trial motions is that the court improperly refused his motion to quash the indictments because they showed that the statute of limitations had run, and there was nothing to show that the statute had been tolled by defendant's ceasing to be an "inhabitant" or "usual resident" of Pennsylvania. See Act of March 31, 1860, P.L. 427, sec. 77, as amended, 19 P.S. §211. Secondly, he contends that it was improper to permit an amendment to allege tolling of the statute of limitations. He also alleges the Commonwealth failed to prove at trial facts which would toll the statute.

Defendant relies on Commonwealth v. Cody, 191 Pa. Superior Ct. 354 (1959), in support of his contention that where an indictment indicates on its

face that the statute of limitations has run, the Commonwealth's failure to aver in the indictment facts supporting the tolling of the statute renders it fatally defective. However, a careful analysis indicates that: (1) the Cody case was bottomed on other grounds; (2) the Cody holding was more narrow than defendant contends; and (3) dicta in the case on which defendant relies are in conflict with a decision of the Supreme Court of Pennsylvania.

In Cody, supra, informations were filed on June 6, 1958, alleging that a crime had taken place on April 3, 1956. On July 5, 1958, returns on warrants were made indicating defendant had moved and could not be apprehended. No preliminary hearings were held and on September 16, 1958, the indictments were submitted by the district attorney to the grand jury without leave of court. After the grand jury returned true bills, defendant's motion to quash the indictments was sustained because absent a preliminary hearing and subsequent binding over (due to failure to apprehend defendant), the district attorney lacked authority to send bills of indictment to the grand jury without leave of court: Cody, supra, at page 357. The Superior Court gratuitously added by way of dicta that if an indictment shows on its face it was found after the statute of limitations has run, and fails to allege defendant has not been an inhabitant or usual resident of the State at any time before indictment, it is fatally defective. Cody, supra, at page 359.

In the instant case, unlike in Cody, defendant appeared personally at a preliminary hearing before the case was submitted to the grand jury. In Cody, defendant first appeared after indictment. This distinction brings the instant case into the

factual context Cody recognizes as proper: Cody, supra, at page 357.

In addition, overwhelming authority indicates the Commonwealth need not allege facts in the indictment to support tolling of the statute of limitations so long as those facts are established at trial: Blackman v. Commonwealth, 124 Pa. 578 (1889); Commonwealth v. Boyer, 168 Pa. Superior Ct. 16 (1950); Commonwealth ex rel. Patterson v. Ashe, 154 Pa. Superior Ct. 397 (1943); Commonwealth v. Bishop, 71 Pa. Superior Ct. 255 (1919); Commonwealth v. Rought, 26 Monroe 52 (Pike Co., 1968); Commonwealth v. Hylton, 8 Adams 50 (1966).

As was noted by Judge Sheely in Commonwealth v. Hylton, supra, at page 53, the attempt in Cody to distinguish the factual situation from cases which held to the contrary was in error; in actuality, those cases were decided on the broader point that the failure to allege facts in the indictment did not deprive the Commonwealth of the right to introduce evidence to show defendant came within the exceptions proviso of the statute of limitations. As is stated in Blackman v. Commonwealth, supra, at page 581:

"In a case where . . . the commonwealth alleges the defendant comes within the exception to the statute, the better practice is to aver in the indictment the facts relied upon to toll the statute. *We do not regard this as essential, however,* and we would be exceedingly loathe to reverse for such a technical reason after a trial and conviction on the merits. The true rule is thus stated by Mr. Wharton in his work upon Criminal Law, at page 446: 'Although the offense, on the face of the indictment, is outside the statute, *yet the prosecution may prove,*

*without averring it in the indictment, that the defendant, having fled the state, was within the exception of the statute.'"* (Emphasis supplied.)

We agree with the statement of Judge Sheely in Commonwealth v. Hylton, supra, at pages 54, 55, that we are bound by this rule set forth by the Supreme Court in Blackman, supra; the motion to quash was, therefore, properly dismissed. See also Commonwealth v. Rought, supra, at page 57.

Even if averments of fact tolling the statute were necessary, any defect was cured by subsequent amendment. Pa. R. Crim. P. 220 permits amendment of defects in form in indictments, enabling such amendment where it does not charge an additional or different offense: Commonwealth v. Hudson, 455 Pa. 117, 120 (1974); Commonwealth v. Brown, 229 Pa. Superior Ct. 67, 69 (1974); Commonwealth v. Buchinsky, 48 D. & C. 2d 35, 37 (Monroe Co., 1969). Courts are given broad discretion in permitting amendments to indictments: Commonwealth v. Peregoy, 226 Pa. Superior Ct. 330, 334 (1973). See Act of March 31, 1860, P.L. 427, secs. 11, 12, 19 P.S. §§431, 432. An amendment of an indictment to aver facts tolling the statute of limitations does not charge an additional or different offense, and thus such an amendment is permitted: Commonwealth v. Bishop, supra, at page 258; Commonwealth v. Hylton, supra, at page 55.

Defendant's final contention that the Commonwealth did not prove at trial defendant was not an inhabitant or usual resident of Pennsylvania for a period in excess of two years between commission of the offense and return of the indictment by the grand jury is without merit. A prima facie case is

established by the Commonwealth's proof of commission of the offense and defendant's absence from his usual place of residence in Pennsylvania; if defendant was hiding elsewhere within the State, he bears the burden of such proof as a matter of defense: Blackman v. Commonwealth, supra, at pages 582, 583. The Superior Court in Commonwealth v. Bates, 1 Pa. Superior Ct. 223, 233 (1896), stated:

". . . [I]t is fair to conclude that the legislature did not intend to require the commonwealth to furnish that full and conclusive proof of nonresidence which the defendant, by his act, has put it out of the power of the commonwealth to furnish. The most that can be required of the commonwealth is to furnish evidence of facts from which, in the absence of evidence on the part of the defendant as to his residence, a jury may fairly infer that he was not an inhabitant or usual resident of the state during the period in question."

See also Commonwealth v. Weber, 259 Pa. 592, 596-98 (1918).

In the instant case, the Commonwealth proved the commission of the offense by defendant; the filing of a juvenile petition against defendant in 1970; his usual residence in the Shippensburg area as of the time of commission of the offense in 1970; his absence from his usual residence from 1970 to 1974; and that upon defendant's return to the Shippensburg area in 1974, he was served with the arrest warrant. Proof of inhabitancy or "usual residence" within Pennsylvania during the limitations period is exclusively within the control of defendant, who could have introduced evidence thereof but did not do so. The Commonwealth's evidence

gives rise to an inference defendant was not an inhabitant or usual resident of this State from 1970 through 1974. We conclude the Commonwealth has sustained its burden of proving the tolling of the statute of limitations pursuant to the exceptions proviso of 19 P.S. §211.

### ORDER

And now, April 3, 1975, for the reasons set forth, defendant's motion for new trial and/or in arrest of judgment are overruled and the district attorney is directed to call defendant for sentence when a pre-sentence investigation report has been filed with the court.