## Commonwealth v. Wynn

*Frank S. Kelker, Jr., Assistant District Attorney*, for Commonwealth.

*Albert J. Dudash, Jr.,* of *Hudacsek & Lewis*, for defendant.

ROWLEY, *J.,* August 15, 1975—On May 21, 1975, defendant, Bernard Wynn, was indicted by the grand jury of Beaver County on a charge of operating a motor vehicle on May 14, 1973, after his operating privileges had been suspended. Defendant's motion to quash the indictment on the ground that it was brought after the two-year statute of limitations contained in the Act of March 31, 1860, P.L. 427, sec. 77, 19 P.S. §211, as amended, had expired, is before us for disposition following a hearing. We have concluded that the motion must be granted.

The face of the indictment in this case shows that it was brought more than two years after the alleged offense was committed. While the statute of

limitations provides an exception, in those cases where defendant "shall not have been an inhabitant of this State or usual resident therein" during the time he is subject to prosecution, the burden is on the Commonwealth to show that the circumstances of the case bring it within the statutory exception: Commonwealth v. Turner, 176 Pa. Superior Ct. 32, 107 A. 2d 136 (1954). Also see Commonwealth v. Hillman, 59 D. & C. 2d 123 (1972).

Moreover, where the indictment shows on its face that more than two years have elapsed since the date of the alleged crime, the Commonwealth is required to set forth in the indictment the exception which it relies upon to extend the period of limitation: Commonwealth v. Cody, 191 Pa. Superior Ct. 354, 156 A. 2d 620 (1959).

In this case, not only does the indictment itself fail to set forth the exception, but the Commonwealth has failed to meet its burden of showing that defendant was not an inhabitant of Pennsylvania or a usual resident during the two-year statutory period.

The record discloses that defendant, at the time of his arrest, resided at 368 Ohio Avenue, Midland, Pa. About nine months later he moved to 103 Hillcrest Manor in Midland, Pa., and has continued to reside at that address until the present time. In addition, defendant, at the time of his arrest, was employed at the Aliquippa Works of Jones and Laughlin Steel Corporation. He has continued regularly in that employment and is still an employe of that corporation. In spite of defendant's continuous residence in the Borough of Midland here in Beaver County, and his employment in Aliquippa he never received any summons from the district justice of

the peace and a warrant was not served upon him until April 4, 1975. The Commonwealth's witnesses testified that continuous efforts had been made to locate defendant but it is clear that defendant has continuously resided and been present in Beaver County and has made no effort to conceal his whereabouts. Moreover, in the spring or early summer of 1974, defendant applied for an operator's license. A driver's test was administered by the State Police at the East Rochester Examination Center in Beaver County and a license was issued to him by the Bureau of Motor Vehicles at his residence in Hillcrest Manor, Midland, Pa. Finally, in August 1974, defendant appeared before the same district justice of the peace that handled the complaint in this case. He had been charged on an entirely unrelated matter which was subsequently dropped. Thus, it is apparent that the district justice of the peace before whom the present complaint was pending was able to get in touch with defendant here in Beaver County.

Since defendant was not indicted within two years after his offense is alleged to have been committed, and the Commonwealth has failed to establish the existence of any exception to the statutory requirement, we are required to grant defendant's motion to quash the indictment.

For these reasons, we make the following

### ORDER

Now, August 15, 1975, the indictment charging defendant with operating a motor vehicle after his operating privileges had been suspended is hereby quashed and defendant is discharged.