## Commonwealth v. Rue (No. 2)

*Charles Eyer, Assistant District Attorney,* for plaintiff.

*Peter J. O'Malley* and *William R. Lee,* for defendant.

WILLIAMS, *P.J.,* December 30, 1977 — Count one of the district attorney's information charges defendant with the crime of theft by deception, pur-

suant to section 3922(a)(1), (3) of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3922(a)(1), (3). Count two charges defendant with the crime of securing execution of documents by deception, pursuant to section 4114 of the Crimes Code, 18 C.P.S.A. §4114.

The information avers that the crimes charged were committed on July 16, 1974, November 15, 1974, and/or December 4, 1974.

Defendant has filed timely consolidated applications for pre-trial relief. Included in the aforesaid application to dismiss is an application to quash the information and dismiss the charges because the prosecution commenced more than two years after the dates on which the alleged crimes were committed.

Section 108 of the Crimes Code, 18 C.P.S.A. §108(b)(2), requires the prosecution to be brought within a period of two years after the crime is committed.

The Commonwealth relies on the exception created by section 108(c)(1), which reads: "Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years."

The information is silent as to the time of the discovery of the offense by the aggrieved party. It is likewise void of any averment that the two-year limitation is not applicable by reason of the fact that the prosecution was commenced within the time permitted by the exception as established by section 108(c)(1).

The failure of the Commonwealth to refer to the statutory exception in the information precludes it from introducing evidence at trial which would prove that prosecution was commenced within the extended time permitted by the exception established by section 108(c)(1) of the Crimes Code.

This identical situation was ruled upon in Commonwealth v. Creamer, 236 Pa. Superior Ct. 168, 174, 175, 345 A. 2d 212 (1975). Allocatur was denied by the Pennsylvania Supreme Court. In respect to the right of the Commonwealth to produce evidence at trial to show the crimes fall within the exception, the court stated at pp. 175-176:

"Commonwealth v. Cody, 191 Pa. Superior Ct. 354, 156 A. 2d 620 (1959), involved an issue similar to that now before the court. In Cody, the Commonwealth charged appellant with an offense which had occurred more than two years before the indictment was issued. Relying upon the exception to the general two-year limitations period concerning non-residents, the Commonwealth contended that it could prove non-residence at trial although it was not alleged in the indictment, and thus that prosecution was not barred. Appellant contended that the fact of his non-residence in Pennsylvania should have been stated in the indictment so as to apprise him that he would have to defend against the crime itself *and* against the statute of limitations. This court agreed with appellant, stating: 'The Commonwealth further contends that this exception need not be incorporated in the indictment but may be proved at the time of trial as any other issue of fact. This latter contention, however, overlooks the fact that, normally, residence of defendant, in connection with the commission of crime, is not an issue. If it is to be made an issue, it should be charged in the indictment so as to apprise the

defendant that he must defend not only against the crime itself but also against the limitation of prosecution. *He should be informed before trial why the statute of limitation has no application. The opportunity to prepare a defense against such allegation should be given to the same extent as the opportunity to defend against the accusation of crime itself.* Were it otherwise, no attack, preliminary to trial, could ever be made on this ground, and if made during or subsequent to trial, an accused would be faced with the well established rule that an attack on an indictment will not be considered after a plea is entered and the jury is sworn. Blackman v. Commonwealth, 124 Pa. 578, 17 A. 194; Commonwealth v. Weber, 67 Pa. Superior Ct. 497; Commonwealth ex rel. Scasserra v. Maroney, 179 Pa. Superior Ct. 150, 115 A. 2d 912; Commonwealth ex rel. Geisel v. Ashe, 165 Pa. Superior Ct. 41, 68 A. 2d 360; Commonwealth v. Poley, 173 Pa. Superior Ct. 331, 98 A. 2d 766.' 191 Pa. Superior Ct. at 358-59, 156 A. 2d at 622-23 (emphasis added)." (Emphasis in original.)

In view of the fact that the information is barren of any factual averment that the discovery of the alleged deception took place within one year of the commencement of the prosecution and in further view of the fact that the information gives no warning to defendant that the Commonwealth relies upon exception (c)(1) of section 108 of the Crimes Code, it is mandatory for this court under the decision in Commonwealth v. Creamer, supra, to quash the information.

The district attorney has filed a petition asking leave to amend the information so as to include averments to show that the exception established by section 108 of the Crimes Code (c)(1) is applica-

ble to the prosecution. The right to amend is governed by Pa.R.Crim.P. 150, which provides as follows:

"(a) Informal Defects:

"No person arrested under a warrant or appearing in response to a summons or citation shall be discharged from custody nor shall any case be dismissed because of any informal defects in the complaint, citation, summons, or warrant,˙ but the complaint, citation, summons or warrant, may be amended at any time so as to remedy any such informality.

"(b) Substantive Defects:

"If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner."

What we must determine under the rule is whether the defect is formal or substantive. In Commonwealth v. Werner, 5 Pa. Superior Ct. 249, 250, 251 (1897), it is said: "The indictment in this case shows, on its face, that it was found more than two years after the commission of the offense charged, and fails to allege, that the defendant had not been an inhabitant or usual resident of this state at any time before he was indicted. "It should therefore have been quashed as being fatally defective: Com. v. Bartilson, 85 Pa. 482; Com. v. Owens, 3 Kulp, 230."

In Commonwealth v. Cody, supra, p. 359, it is stated: "We have held squarely in Commonwealth v. Werner, 5 Pa. Superior Ct. 249, that an indictment is *fatally defective* which shows on its face that it was found more than two years after the

commission of the offense . . ." (Emphasis supplied.)

As pointed out by Judge Hoffman in Commonwealth v. Mumich, 239 Pa. Superior Ct. 209, 212, 361 A. 2d 359 (1976), there is very little appellate guidance as to what constitutes a formal or substantive defect. However, in both Werner, supra, and Cody, supra, it is held that an indictment is fatally defective which shows on its face, that it was found more than two years after the date the offense charged, unless the indictment avers facts which establish a statutory exception to the two year limitation. We interpret "fatally defective" to mean that the defect is not curable by amendment: See Commonwealth v. Silverstein, 445 Pa. 497, 284 A. 2d 773 (1971).

With the abolition of the grand jury, the district attorney's information stands in the place of an indictment, and rulings on a motion to quash an indictment are equally applicable to a motion to quash an information.

Since we will enter an order quashing the information, it is neither necessary nor appropriate to consider the other issues raised by defendant in his application for pre-trial relief.

## ORDER

And now, December 30, 1977, the district attorney's information is quashed and dismissed.